IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLOCK DRUG COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> SEDONA LABORATORIES, INC. and NUTRI-HEALTH SUPPLEMENTS, LLC d/b/a/ SEDONA LABORATORIES, <br><br> Defendants. | C.A. No. 06-350-KAJ |

## ANSWER TO AMENDED COMPLAINT

Defendant Sedona Laboratories, Inc. ("Sedona") hereby demands a trial by jury on all issues so triable and, for its answer to the First Amended Complaint and Demand for Jury Trial ("Complaint"), states as follows:

### FOR A FIRST DEFENSE

1.   This Court lacks personal jurisdiction over Defendant Sedona Laboratories, Inc.

### FOR A SECOND DEFENSE

2.   Venue is not proper in this Court.

### FOR A THIRD DEFENSE

3.   Because this forum is inconvenient for both parties, and the witnesses who may have information relevant to the action, this case should be transferred to the District of Arizona pursuant to 28 U.S.C. § 1404 or the doctrine of *forum non conveniens*.

### FOR A FOURTH DEFENSE

4.   Answering paragraph 1 of the Complaint denies the allegations of that paragraph and denies that Sedona Laboratories has infringed a valid patent, but admits that the action Plaintiff alleges purports to be an action for patent infringement.

5.   Admits the allegations of paragraph 2 of the Complaint.

6.   Denies the allegations of paragraph 3 of the Complaint.

7.   Answering paragraph 4 of the Complaint, admits that Plaintiff Block Drug Company, Inc. ("Block Drug") is a corporation organized and existing under the laws of the State of New Jersey, but states that it is without knowledge or information sufficient to admit or deny that

Block Drug's principal office and place of business is at 1000 GSK Drive, Moon Township, Pennsylvania 15108, but states that its principal place of business is not located within the District of Delaware.

8. Answering paragraph 5 of the Complaint, denies the allegations of that paragraph, but admits that Sedona is a corporation organized and existing under the laws of the State of Arizona, admits that Nutri-Health Supplements, L.L.C. ("NHS") is organized and existing under the laws of the State of Arizona, that NHS's principal place of business is located at either 211 Jennifer Lane or 218 Justin Drive in Cottonwood, Arizona and affirmatively states that Sedona's principal place of business is not currently at 211 Jennifer Lane and/or 218 Justin Drive, Cottonwood, Arizona, and that since the January, 2006 sale of all, or substantially all of its assets, it has not engaged in any business whatsoever.

9. Answering paragraph 6 of the Complaint, denies the allegations of that paragraph, but admits that Sedona has in the past manufactured and distributed over-the-counter digestive products and nutritional supplements for consumer use and has marketed products to regional grocery and drug chains, such as Eckerd Drug Stores ("Eckerd"), but denies that it does so at the present time, states that it is without knowledge or information sufficient to admit or deny that Exhibit A to the Complaint is a true and correct copy of a Sedona product flyer for GasAway+ obtained from "Sedona's Web site" or to admit or deny the allegations of paragraph 6 relating to Defendant NHS.

10. Answering paragraph 7 of the Complaint, denies the allegations of that paragraph, except admits that Sedona in the past has encapsulated a powder containing various ingredients including the enzyme alpha-galactosidse as well as other enzymes, in capsule or tablet form (the "Sedona Product") and claimed that it helped prevent uncomfortable gas and that it distributed a private-label-branded version of that product to Eckerd under the name "food-enzyme" but denies that it still manufactures, encapsulates, or markets that product at the present time, and states that it is without sufficient knowledge or information to admit or deny the allegations of paragraph 7 relating to Defendant NHS.

11. Answering paragraph 8 of the Complaint, states that it is without knowledge or information sufficient to admit or deny the allegations of that paragraph, except admits that Sedona in the past has sold a version of the Sedona Product under the name "GasAway" to purchasers in the United States.

12. Denies paragraph 9 of the Complaint.

13. States that it is without knowledge or information sufficient to admit or deny the allegations of paragraphs 10 and 11, but admits that Sedona, in the past, has sold the Sedona Product under the brand name "GasAway+".

14. Denies paragraph 12 of the Complaint, except admits that Sedona has sold the Sedona Product in the past and that NHS is selling a product containing alpha-galactosidase now and promotes it as being effective for the prevention of uncomfortable gas and related symptoms.

15. Denies paragraphs 13, 14, 15, 16, and 17 of the Complaint.

### FOR A FIFTH DEFENSE AND FIRST AFFIRMATIVE DEFENSE

16. Plaintiff bases its suit on a patent that is invalid because its subject was neither new, novel, non-obvious, nor original. The use of galactosidases by humans to alleviate gas was known to the prior art before the application for that patent was submitted to the United States Patent and Trademark Office ("PTO"). On information and belief, the alleged invention claimed in the patent was known or obvious in the trade, was patented, in public use, on-sale, and disclosed by publication more than a year before the filling of that application.

### FOR A SIXTH DEFENSE AND SECOND AFFIRMATIVE DEFENSE

17. Plaintiff is not entitled equitable relief because of laches.

### FOR A SEVENTH DEFENSE AND THIRD AFFIRMATIVE DEFENSE

18. Plaintiff is not entitled to damages from Sedona by virtue of 35 U.S.C. § 287 because any sales of products containing alpha- galactosidase by Sedona occurred before it had notice of Plaintiff's patent and the products marketed by Plaintiff containing alpha-galactosidase did not contain any marking indicating that they practiced that patent which Plaintiff alleges was infringed.

### FOR AN EIGHTH DEFENSE AND FOURTH AFFIRMATIVE DEFENSE

19. Plaintiff is not entitled to equitable relief because of its unclean hands.

### RESERVATION OF RIGHTS TO PLEAD ADDITIONAL AFFIRMATIVE DEFENSES

20. Sedona reserves its right to plead as additional affirmative defenses any defenses listed in F. R. Civ. P. 8 (c), or any other matter constituting an affirmative defense or avoidance as those defenses may be revealed in disclosures required by the rules or discovery.

WHEREFORE, Defendant Sedona Laboratories demands judgment dismissing the Complaint and decreeing that Plaintiff take nothing and awarding Defendant its reasonable

attorneys' fees pursuant to 35 U.S.C. § 285, its costs, interest on those amounts until paid in full and such other and further relief as may be just and appropriate under the circumstances of this action.

                YOUNG CONAWAY STARGATT &
                TAYLOR, LLP

                */s/ Karen E. Keller*
                John W. Shaw (No. 3362)
                Karen E. Keller (No. 4489)
                The Brandywine Building
                1000 West Street, 17th Floor
                P.O. Box 391
                Wilmington, DE  19899-0391
                (302) 571-6600
                kkeller@ycst.com

                Attorneys for Sedona Laboratories, Inc.

OF COUNSEL:

David B. Goldstein
Hymson Goldstein & Pantiliat, P.C.
14646 N. Kierland Blvd., Suite 255
Scottsdale, AZ  85254
(480) 991-9077

Dated: August 15, 2006

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on August 15, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Steven J. Balick, Esquire
>Ashby & Geddes
>222 Delaware Avenue, 17th Floor
>P.O. Box 1150
>Wilmington, DE 19899

I further certify that on August 15, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and the following non-registered participant in the manner indicated:

### BY FEDERAL EXPRESS

>Steven D. Glazer, Esquire
>Weil, Gotshal & Manges, LLP
>767 Fifth Avenue
>New York, New York 10153
>
>Roger Cohen, Esquire
>Jaburg & Wilk
>3200 N. Central, Suite 2000
>Phoenix, AZ 85012

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Karen E. Keller

Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
kkeller@ycst.com

Attorneys for Sedona Laboratories, Inc.

DB01:2169748.1                                                                                       900002.0003