IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BLOCK DRUG COMPANY, INC.,          )
                                   )
            Plaintiff,             )
                                   )
      v.                           )       C.A. No. 06-350-KAJ
                                   )
SEDONA LABORATORIES, INC., and     )
NUTRI-HEALTH SUPPLEMENTS, LLC      )
d/b/a SEDONA LABORATORIES,         )
                                   )
            Defendants.            )

## SCHEDULING ORDER

This 30th day of October, 2006, the Court having conducted an initial Rule 16

scheduling and planning conference pursuant to Local Rule 16.2(a) on October 30, 2006,

and the parties having determined after discussion that the matter cannot be resolved at

this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.    Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.

Unless otherwise agreed to by the parties, the parties shall make their initial disclosures

pursuant to Federal Rule of Civil Procedure 26(a)(1) within 15 days of entry of this

Order.  If they have not already done so, the parties are to review the Court's Default

Standard for Discovery of Electronic Documents, which is posted at

http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc

Committee for Electronic Discovery), and is incorporated herein by reference.

2.     Joinder of Other Parties and Amendment of Pleadings.  All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before February 26, 2007.

3.     Discovery.

a.     Limitation on Hours for Deposition Discovery.  Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination (exclusive of expert depositions).

b.     Location of Depositions.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.  Notwithstanding the foregoing, any officer, director, employee or representative of a party who is not a resident of Delaware shall be deposed in the state where he or she resides.

c.     Discovery Cut Off.  All discovery in this case shall be initiated so that it will be completed on or before November 16, 2007.  The Court encourages the parties to serve and respond to contention interrogatories early in the case.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

d.     Disclosure of Expert Testimony.  Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures

2

of expert testimony on or before ninety days before the date of the completion of

discovery, and file a supplemental disclosure to contradict or rebut evidence on the same

subject matter identified by another party sixty days before the date for the completion of

discovery. To the extent any objection to expert testimony is made pursuant to the

principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it

shall be made by motion no later than the deadline for dispositive motions set forth

herein, unless otherwise ordered by the Court.

   e. <u>Discovery Disputes</u>. Should counsel find they are unable to

resolve a discovery dispute, the party seeking the relief shall contact chambers at (302)

573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the

conference, the party seeking relief shall file with the Court a letter, not to exceed three

pages, outlining the issues in dispute and its position on those issues. (The Court does

not seek extensive argument or authorities at this point; it seeks simply a statement of the

issue to be addressed and a summary of the basis for the party's position on the issue.)

Not less than twenty-four hours prior to the conference, any party opposing the

application for relief may file a letter, not to exceed three pages, outlining that party's

reasons for its opposition. Should the Court find further briefing necessary upon

conclusion of the telephone conference, the Court will order it. Disputes over protective

orders are to be addressed in the first instance in accordance with this paragraph.

   4. <u>Application to Court for Protective Order</u>. Should counsel find it will be

necessary to apply to the Court for a protective order specifying terms and conditions for

the disclosure of confidential information, counsel should confer and attempt to reach an

agreement on a proposed form of order and submit it to the Court within ten days from

3

the date of this Order. Should counsel be unable to reach an agreement on a proposed

form of order, the counsel must first follow the provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

> Other Proceedings. By entering this order and limiting the
> disclosure of information in this case, the Court does not
> intend to preclude another court from finding that
> information may be relevant and subject to disclosure in
> another case. Any person or party subject to this order who
> becomes subject to a motion to disclose another party's
> information designated "confidential" [the parties should
> list any other level of designation, such as "highly
> confidential," which may be provided for in the protective
> order] pursuant to this order shall promptly notify that party
> of the motion so that the party may have an opportunity to
> appear and be heard on whether that information should be
> disclosed.

5.    Papers Filed Under Seal. When filing papers under seal, counsel should

deliver to the Clerk an original and one copy of the papers.

6.    Settlement Conference. Pursuant to 28 U.S.C. §636, this matter is referred

to the United States Magistrate for the purpose of exploring the possibility of a

settlement.

7.    Interim Status Report. On September 13, 2007, counsel shall submit a

letter to the Court with an interim report on the nature of the matters in issue and the

progress of discovery to date.

8.    Status Conference. On September 20, 2007, the Court will hold a Rule

16(a), (b) and (c) conference by telephone with counsel beginning at 4:30 p.m. Plaintiff's

counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the

interim status report or to this order, they may so notify the Court in writing before the

conference is scheduled to occur, and the conference will be taken off the Court's calendar.

9.    Tutorial Describing the Technology and Matters in Issue. The parties shall provide the Court by July 5, 2007 a tutorial on the technology at issue. In that regard, each party may submit a videotape of not more than 30 minutes. The parties may choose to present the tutorial in person at 9:30 a.m. on July 5, 2007. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. If the parties choose to file videotapes, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes.

10.    Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before February 1, 2008. Briefing will be presented pursuant to the Court's Local Rules.

11.    Claim Construction Issue Identification. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on October 26, 2007, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include

5

each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12.    Claim Construction. Issues of claim construction shall be submitted to the Court no later than February 1, 2008, to be considered by the Court in conjunction with the parties' summary judgment motions.

13.    Hearing on Claim Construction. Beginning at 2:00 p.m. on March 14, 2008, the Court will hear evidence and argument on claim construction and summary judgment.

14.    Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15.    Pretrial Conference. On August 18, 2008, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before July 18, 2008.

6

16.    Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16.    Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51, the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

17.    Trial. This matter is scheduled for an 8 day jury trial beginning at 9:30 a.m. on September 16, 2008. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 15 hours to present their case.

United States District Judge

174523.1

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BLOCK DRUG COMPANY, INC.,    )
    )
        Plaintiff,    )
    )
      v.    )    Civil Action No. 06-350-KAJ
    )
SEDONA LABORATORIES, INC., and    )
NUTRI-HEALTH SUPPLEMENTS, LLC    )
d/b/a SEDONA LABORATORIES,    )
    )
        Defendants.    )

**PROPOSED FINAL PRETRIAL ORDER**

This matter comes before the Court at a final pretrial conference held pursuant to

Rule 16, Federal Rules of Civil Procedure.

**Plaintiff(s) Counsel:**


**Defendant(s) Counsel**:


**I.    Nature of the Case**

The parties should prepare a brief statement of the nature of the case including the

claims of the parties (personal injury, federal tort claim, breach of contracts, etc.).  The

principal purpose of this statement is to assist the Court in explaining the case to

prospective jurors upon selection of a jury.

**II.    Jurisdiction**

A.    This is an action for:

(State the remedy sought, such as damages, injunctive or declaratory relief.)

B.    The jurisdiction of the Court is not disputed (or, if the issue has not previously been raised, the basis on which jurisdiction is contested).

1.    If not disputed, state the statutory, constitutional or other basis of jurisdiction.

III.    **Uncontroverted Facts**

The following facts are not disputed or have been agreed to or stipulated to by the parties:

(This section should contain a comprehensive statement of the facts which will become a part of the evidentiary record in the case and which, in jury trials, may be read to the jury.)

IV.    **Agreed to Issues of Law**

The parties agree that the following are the issues to be decided by the Court:

V.    **Witnesses (Please note those who will testify by deposition.)**

A.    List of witnesses the plaintiff expects to call, including experts:

1.    Expert witnesses.

2.    Non-expert witnesses.

B.    List of witnesses defendant expects to call, including experts:

1.    Expert witnesses.

2.    Non-expert witnesses.

C.    If there are any third parties to the action, they should include an identical list of witnesses as that contained in Parts A and B above.

     D.    **Rebuttal Witnesses**.  Each of the parties may call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

## VI.    Exhibits

    As set forth in Local Rule 16.4(d)(6), "A list of pre-marked exhibits, including designations of interrogatories and answers thereto, request for admissions and responses, which each party intends to offer at the trial with a specification of those which will be admitted in evidence without objection, those that will be objected to and the Federal Rule of Evidence in support of said objection and the Federal Rule of Evidence relied upon by the proponent of the exhibit."

## VII.    Damages

    An itemized statement of all damages, including special damages.

## VIII.    Bifurcated Trial

    Indicate whether the parties desire a bifurcated trial, and, if so, why.

## IX.    Trial Briefs

    Motions *in limine* shall not be separately filed.  Any *in limine* requests shall be set forth, with citation to authorities and brief argument,  in the proposed pretrial order.  Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. Briefing shall not be submitted on *in limine* requests, unless otherwise permitted by the Court.

## X.    Limitations, Reservations and Other Matters

    A.    **Length of Trial**.  The probable length of trial is _____ days.  The case will be listed on the trial calendar to be tried when reached.

Mark appropriate box:     Jury_____
                          Non-jury_____

B.     **Number of Jurors**.  There shall be six jurors and _____ alternate jurors.

C.     **Jury Voir Dire**.  The Court will conduct voir dire.  If voir dire questions are to

be tendered, they should be submitted with the final pretrial order.

IT IS ORDERED that this Final Pretrial Order may be modified at the trial of the

action, or prior thereto, to prevent manifest injustice or for good cause shown.  Such

modification may be made either on application of counsel for the parties or on motion of

the Court.

DATED:  _____


_____
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND
SUBSTANCE:


_____
                          ATTORNEY FOR PLAINTIFF(S)


_____
                          ATTORNEY FOR DEFENDANT(S)


NOTE:      Where a third-party defendant is joined pursuant to Rule 14(a) of the
Federal Rules of Civil Procedure, the pretrial order may be suitably modified.  The initial
page may be modified to reflect the joinder.  List attorney's name, address, and
telephone number.