IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLOCK DRUG COMPANY, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SEDONA LABORATORIES, INC., and )<br>NUTRI-HEALTH SUPPLEMENTS, LLC )<br>d/b/a SEDONA LABORATORIES, )<br>)<br>Defendants. )<br>) | C.A. No. 06-350-KAJ |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION
TO DEFENDANT NUTRI-HEALTH SUPPLEMENTS, LLC
d/b/a/ SEDONA LABORATORIES' MOTION TO RECONSIDER**

Plaintiff Block Drug Company, Inc., ("Block Drug") respectfully submits this answering memorandum of law in opposition to the Motion to Reconsider filed by Defendant Nutri-Health Supplements, LLC, d/b/a Sedona Laboratories ("NHS").

**I.**

**INTRODUCTION**

On September 15, 2006, NHS filed a Motion to Dismiss, or Alternatively, to Transfer Venue in the Delaware Action ("Motion to Dismiss or Transfer") alleging lack of personal jurisdiction, improper venue (citing 28 U.S.C. § 1400(b) and 28 U.S.C. § 1406(a)), and insufficient service of process. On November 2, 2006, this Court, after full briefing, held a hearing to decide the Motion to Dismiss or Transfer, where this Court ruled that personal jurisdiction over NHS, as well as venue, are proper in the District of Delaware.

In its briefing and at the hearing, NHS did not provide any arguments in support of a request to transfer under 28 U.S.C. § 1404(a). Nevertheless, this Court found that "having

considered the factors appropriate to that inquiry … [the defendants] have not carried the burden of showing that [Block Drug's] rational choice of [Delaware] as a forum for the litigation dispute should be overturned for what sounds like it would amount to no more than the convenience of the defendants." November 2, 2006 Hearing Transcript at 27-28.

NHS has now filed a Motion for Reconsideration in an attempt to support the venue argument under 28 U.S.C. § 1404(a) that it had previously abandoned.

## II.
## ARGUMENT

**A.    Standard for Reconsideration in Delaware**

"As a general rule, motions for reconsideration should be granted 'sparingly.'" *Stafford v. Noramco of Delaware, Inc.*, No. CIV 97-376-GMS, 2001 WL 65738, at *1 (D. Del. Jan. 10, 2001) (quoting *Karr v. Castle*, 768 F. Supp. 1087, 1090 (D. Del. 1991)). "[A] district court should … grant a motion for reconsideration which alters, amends, or offers relief from a judgment when: (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was not available to the moving party at the time of the judgment; or (3) there is a need to correct a legal or factual error which has resulted in a manifest injustice." *Ryan v. Asbestos Workers Union Local 42 Pension Funds,* No. Civ.A. 97-604-GMS, 2000 WL 1239958, at *1 (D. Del. Aug. 15, 2000) (citations omitted); *see also Pell v. E.I. DuPont Nemours Co.,* No. 02-21 KAJ, 2006 U.S. Dist. LEXIS 84773, at *3 (D. Del. Nov. 22, 2006) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.").

Motions for reconsideration, however, "should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously

decided." *Ryan,* 2000 WL 1239958, at *1 (citing *Brambles U.S.A., Inc. v. Blocker,* 735 F. Supp. 1239, 1240 (D. Del. 1990)); *see also Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.,* 325 F. Supp. 2d 457, 459 (D. Del. 2004) (Judge Jordan). "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Pell,* 2006 U.S. Dist. LEXIS 84773, at *3. "In these situations, such a motion should be denied because any other ruling would effectively encourage parties to engage in an endless debate with the court and, thus, delay the ultimate resolution of the litigation." *Ryan,* 2000 WL 1239958, at *1.

**B.     NHS Has Not Identified Any Errors of Law or Fact or New Legal Precedent Justifying Reconsideration of the Court's Decision to Retain Venue**

NHS is obliged to identify either a manifest error of law or fact justifying consideration of this Court's previous ruling, or new evidence of which the Court was unaware that would warrant revisiting its previous decision. *See Harsco*, 779 F.2d at 909. NHS has presented neither. In its Motion for Reconsideration, NHS has admitted that it does not have any grounds for requesting reconsideration on the bases of new evidence or legal precedent. Rather, NHS claims that its request is based on an error of fact and law by the Court in its November 2, 2006 decision. Motion for Reconsideration at 2. However, since NHS has not alleged any new evidence of which the Court was previously unaware, NHS's Motion for Reconsideration is simply an inappropriate attempt to reargue its request for transfer based on grounds it had abandoned in its previous Motion to Dismiss or Transfer and at the November 2, 2006 hearing.

NHS's original Motion to Dismiss or Transfer alleged improper venue based on an incorrect application of the venue statutes. In reliance on its legally erroneous interpretation of 28 U.S.C. § 1400(b), NHS requested a transfer of the action pursuant to 28 U.S.C. § 1406(a). NHS now attempts to salvage its own error by seeking a Mulligan under a different venue statute, 28 U.S.C. § 1404(a). This new argument was inexcusably not raised in support of its

3

Motion to Dismiss or Transfer, and NHS has effectively abandoned any right to raise it by a motion for reconsideration.[1]  The Court should not condone such a motion, and summarily deny it.

C.     **The Balance of Interests Weighs in Favor of Retaining Venue in the Instant Jurisdiction**

Even if not abandoned, the Court's decision that transfer of this action would simply be for Defendants' convenience should not be reconsidered.  The Court properly decided that the balance of interests weighs in favor of retaining venue in this jurisdiction.  "On a motion for transfer of venue under 28 U.S.C. § 1404(a), the burden falls upon the movant to demonstrate that the convenience of the parties, the convenience of the witnesses, and the interest of justice are served by transfer."  *Coleman v. State Farm Mutual Auto. Ins. Co.,* No. 03-485-KAJ, 2004 U.S. Dist. LEXIS 5873, at *3 (D. Del. April 1, 2004) (citations omitted).  "'Because the plaintiff's rational choice of forum should not be lightly disturbed, a transfer is not to be liberally granted. … Unless the balance is strongly in favor of transfer, the plaintiff's choice of forum should prevail.'"  *Id.* (internal citations omitted).  Furthermore, consideration of all the relevant private and public interests enumerated by the Third Circuit demonstrates that venue should indeed remain in Delaware.  *See Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879-80 (3d Cir. 1995).[2]

---

[1] To the extent NHS is arguing that § 1404(a) is a new ground, not intended to be encompassed by its original Motion to Dismiss or Transfer and thus not abandoned, it has been waived.  *See* FED. R. CIV. P. 12(g) and 12(h)(1).

[2] The private interests include: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records.  The public interests include: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local

Delaware is Block Drug's original choice of forum. On May 25, 2006, Block Drug filed this patent infringement action in the District of Delaware against one defendant, Sedona Laboratories, Inc. ("SLI"). Immediately upon discovery that NHS, d/b/a Sedona Laboratories, was also a proper defendant in this action, Block Drug amended its Complaint on July 11, 2006 to add NHS. Block Drug chose this forum on the basis of, *inter alia*, the sale of Defendants' products in Delaware, which Defendants consciously directed at Delaware and which were tailored for sale in Delaware. November 2, 2006 Hearing Transcript at 26-27. Accordingly, Delaware has a strong local interest in deciding this controversy.

Moreover, NHS's misstates or omits many key factors that support retaining venue in Delaware. For example, NHS makes an inaccurate claim, unsupported by proper evidence or clear facts, that defendant SLI "has reached a settlement in principal [sic] with Plaintiff and will soon be dismissed as a defendant in this matter." Motion for Reconsideration at 5; Connelly Decl. ¶ 11. This statement is false. Block Drug has never reached a "settlement in principal [sic]" with SLI, and counsel for Block Drug unambiguously told counsel for SLI on November 3, 2006 (two weeks before the filing of NHS's Motion for Reconsideration), that Block Drug would not reach separate settlements with defendants NHS and SLI.[3]

Additionally, NHS ignores the fact that numerous witnesses -- including a key non-party witness (the inventor of the patent in suit) -- and documents are located within the Court's subpoena power and other witnesses and documents are located much closer to Delaware

---

interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases. *Id.*

[3] Block Drug recognizes that the Connelly Decl. relies on double hearsay and is not proper evidence, and that this motion is unlikely to be determined based on whether or not SLI may settle before NHS. However, if requested by the Court, Block Drug would submit a declaration attesting to the fact that there is no settlement in principle with SLI and that, based on the current discovery, Block Drug is unwilling to settle now with SLI.

than to Arizona (in New Jersey and Pennsylvania).  *See* Connelly Decl., Exhibit B [Block Drug's Initial Disclosures] at 3.  NHS also argues that, "Plaintiff, through its counsel, has expressed a willingness to subject itself to the jurisdiction of the Arizona courts and litigate this matter in Arizona."  Motion for Reconsideration at 5; Connelly Decl. ¶ 8 and Exhibit B.  But, as Exhibit B to the Connelly Decl. makes clear, Block Drug only offered to agree to "litigate in Arizona if the Delaware Court dismisses [the] complaint," as a way to save the parties the cost of briefing in Arizona.  *Id.*  There was no agreement to litigate in Arizona in the first instance or any suggestion that Arizona was a convenient forum for Block Drug.

Most significantly, however, the infringing acts occurred in Delaware, since the infringing products are sold in Delaware.  Thus, Defendants enjoy the benefits of the Delaware market and Delaware law and should rightly answer for their actions in Delaware.

\* \* \*

For the foregoing reasons, this Court should properly deny NHS's Motion for Reconsideration.

                                        ASHBY & GEDDES

                                        */s/ Tiffany Geyer Lydon*

                                        _____
                                        Steven J. Balick (I.D. #2114)
                                        John G. Day (I.D. #2403)
                                        Tiffany Geyer Lydon (I.D. #3950)
                                        222 Delaware Avenue, 17th Floor
                                        P.O. Box 1150
                                        Wilmington, DE 19899
                                        (302) 654-1888
                                        sbalick@ashby-geddes.com
                                        jday@ashby-geddes.com
                                        tlydon@ashby-geddes.com

                                        *Attorneys for Plaintiff*

*Of Counsel:*

Steven D. Glazer
David Greenbaum
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
212-310-8000

Dated: December 5, 2006
175729.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of December, 2006, the attached **PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT NUTRI-HEALTH SUPPLEMENTS, LLC d/b/a SEDONA LABORATORIES' MOTION TO RECONSIDER** was served upon the below-named counsel of record at the addresses and in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Young Conaway Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801 | HAND DELIVERY |
| David B. Goldstein, Esquire<br>Hymson Goldstein & Pantiliat, P.C.<br>14646 N. Kierland Boulevard<br>Suite 255<br>Scottsdale, AZ  85254 | VIA FEDERAL EXPRESS |
| David S. Eagle, Esquire<br>Klehr, Harrison, Harvey, Branzburg & Ellers<br>919 Market Street, Suite 1000<br>Wilmington, DE  19801 | HAND DELIVERY |
| Roger L. Cohen, Esquire<br>Jaburg & Wilk, P.C.<br>3200 N. Central Ave., Ste. 2000<br>Phoenix, AZ  85012 | VIA FEDERAL EXPRESS |

*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon

173515.1