IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BLOCK DRUG COMPANY, INC., )
)
Plaintiff, )
)
v. )   C.A. No. 06-350-KAJ
)
SEDONA LABORATORIES, INC., and )
NUTRI-HEALTH SUPPLEMENTS, LLC )
d/b/a SEDONA LABORATORIES, )
)
Defendants. )
)

**PLAINTIFF'S REPLY TO
NUTRI-HEALTH SUPPLEMENTS, LLC'S COUNTERCLAIMS**

Plaintiff Block Drug, Inc., by and through its undersigned counsel, respectfully

submits this Reply to Counterclaims in response to the Separate Answer to First Amended

Complaint, Counterclaims and Demand for Jury Trial of Nutri-Health Supplements, LLC

("NHS's Counterclaims").  To the extent not specifically admitted herein, all allegations of

NHS's Counterclaims are denied.

**COUNTERCLAIMS**

**Nature of the Action**

1.      Block Drug admits that NHS's Counterclaims purport to allege an action

for declaratory judgment.  Block Drug admits that U.S. Patent No. 6,344,196 ("the '196 Patent")

is entitled "Compositions and Method for Reducing Gastro-intestinal Distress Due to Alpha-D-

Galactosidase-Linked/Containing Sugars," and that the '196 Patent issued on February 5, 2002.

Block Drug denies the remaining allegations set forth in Paragraph 1.

**Jurisdiction and Venue**

2.      In reply to Paragraph 2, Block Drug states that jurisdiction and venue are conclusions of law, and require no reply from Block Drug.

3.      In reply to Paragraph 3, Block Drug states that jurisdiction and venue are conclusions of law, and require no reply from Block Drug.

**Parties**

4.      Block Drug does not have knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4, and on that basis denies them.

5.      Block Drug admits the allegations set forth in Paragraph 5.

6.      Block Drug admits that it is the owner of the '196 Patent, and either itself or through GlaxoSmithKline, engaged in the manufacture, sale and distribution of over-the-counter drug products, including the Beano® food enzyme dietary supplement, and that Block Drug sells and ships products to different locations in the United States.  Block Drug denies the remaining allegations set forth in Paragraph 6.

7.      Block Drug admits that NHS offered, has sold and supplied its products, including those here accused of patent infringement, to and through major national and regional retail drug, supermarket and mass merchandise chains, as well as on the Internet, in competition with Beano®.  Block Drug denies the remaining allegations set forth in Paragraph 7.

8.      Block Drug does not have knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8, and on that basis denies them.

9.      Block Drug admits that it has filed a civil action against Sedona Laboratories, Inc. ("SLI") and NHS alleging infringement of the '196 Patent.  Block Drug denies the remaining allegations set forth in Paragraph 9.

10.    Block Drug admits that there is a substantial and continuing justiciable controversy by virtue of the allegations raised in Block Drug's Amended Complaint and by virtue of NHS's Counterclaims.  Block Drug denies the remaining allegations set forth in Paragraph 10.

## General Allegations

The Sedona/NHS Product.

11.    Block Drug does not now have independent knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11, and on that basis denies them.

12.    Block Drug does not have knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12, and on that basis denies them.

Prosecution History of the '196 Patent.

13.    Block Drug admits that the '196 Patent claims priority to an application filed with the United States Patent Office ("USPTO") on May 16, 1989, which is the parent application for a string of six applications that ultimately resulted in the issuance of the '196 Patent on February 5, 2002.  Block Drug admits that six of the applications are as follows: (i) U.S. Patent Application 07/352,441 filed May 16, 1989 (the "1989 Application"), (ii) U.S. Patent Application 07/780,563 filed on October 21, 1991, (iii) U.S. Patent Application 08/183,639, filed January 18, 1994, (iv) U.S. Patent Application 09/444,855, filed on November 22, 1999, (v) U.S. Patent Application 08/497,871, filed on June 7, 1995, and (vi) U.S. Patent Application 09/634,088, filed August 8, 2000 (the "2000 Application").  Block Drug denies the remaining allegations set forth in Paragraph 13.

14.    Block Drug admits the allegations set forth in Paragraph 14.

15.    Block Drug admits the allegations set forth in Paragraph 15.

16.    Block Drug denies the allegations set forth in Paragraph 16.

17.    Block Drug admits that on October 11, 2000 a petition to make special was filed with the USPTO under 37 C.F.R. § 1.102 and that the petition included a declaration concerning prior art.  Block Drug denies the remaining allegations set forth in Paragraph 17.

18.    Block Drug admits the allegations set forth in Paragraph 18.

19.    Block Drug admits that the Second Preliminary Amendment properly disclosed the '023 Patent, and denies the remaining allegations set forth in Paragraph 19.

20.    Block Drug denies the allegations set forth in Paragraph 20.

21.    Block Drug admits that the '023 Patent states on its face that it was filed on May 7, 1990, and denies the remaining allegations set forth in Paragraph 21.

22.    Block Drug admits the allegations set forth in Paragraph 22.

23.    Block Drug denies the allegations set forth in Paragraph 23.

24.    Block Drug denies the allegations set forth in Paragraph 24.

**COUNT ONE**

**(Non-Infringement)**

25.    Block Drug's responses to Paragraphs 1-24 are incorporated herein by reference in response to Paragraph 25.

26.    Block Drug denies the allegations set forth in Paragraph 26.

27.    Block Drug denies the allegations set forth in Paragraph 27.

28.    Block Drug denies the allegations set forth in Paragraph 28.

29.    Block Drug denies the allegations set forth in Paragraph 29.

30.    Block Drug denies the allegations set forth in Paragraph 30.

31.    Block Drug denies the allegations set forth in Paragraph 31.

## COUNT TWO

### (Invalidity and Unenforceability Based on Obviousness)

32.    Block Drug's responses to Paragraphs 1-31 are incorporated herein by reference in response to Paragraph 32.

33.    Block Drug denies the allegations set forth in Paragraph 33.

34.    Block Drug admits that in allowing certain claims, the patent examiner stated, "The claims of this application are the same as the claims of Applicant's U.S. Patent 5,989,544, with the exception of the change in the description of the ingestible form as being 'a capsule or similarly shaped pill.'  The evidence presented in the patented file was drawn to the commercial success and unexpected result of a solid, shaped formulation such as a capsule or tablet.  This evidence was deemed by the Examiner at that time to be sufficient secondary indicia of non-obviousness to overcome a prima facie finding of obviousness.  Since the instant claim language is also deemed to be commensurate with said showing in the patented file, therefore the instant claims are allowable over the prior art."  Block Drug denies the remaining allegations set forth in Paragraph 34.

35.    Block Drug denies the allegations set forth in Paragraph 35.

36.    Block Drug denies the allegations set forth in Paragraph 36.

37.    Block Drug denies the allegations set forth in Paragraph 37.

38.    Block Drug denies the allegations set forth in Paragraph 38.

## COUNT THREE

### (Invalidity and Unenforceability Based on Inequitable Conduct)

39.    Block Drug's responses to Paragraphs 1-38 are incorporated herein by reference in response to Paragraph 39.

40.     Block Drug denies the allegations set forth in Paragraph 40.

41.     Block Drug denies the allegations set forth in Paragraph 41.

42.     Block Drug admits that the petition to make special included the statement "A careful and thorough search of the prior art had been made, and the references were submitted with the application on the filing date of August 8, 2000 by Attorney for Applicants," and Block Drug denies the remaining allegations set forth in Paragraph 42.

43.     Block Drug denies the allegations set forth in Paragraph 43.

44.     Block Drug denies the allegations set forth in Paragraph 44.

45.     Block Drug denies the allegations set forth in Paragraph 45.

46.     Block Drug denies the allegations set forth in Paragraph 46.

47.     Block Drug denies the allegations set forth in Paragraph 47.

48.     Block Drug denies the allegations set forth in Paragraph 48.

49.     Block Drug denies the allegations set forth in Paragraph 49.

50.     Block Drug denies the allegations set forth in Paragraph 50.

51.     Block Drug denies the allegations set forth in Paragraph 51.

52.     Block Drug denies the allegations set forth in Paragraph 52.

53.     Block Drug denies the allegations set forth in Paragraph 53.

Block Drug further denies that NHS is entitled to any part of the relief it seeks, or any other relief in this action.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

Steven D. Glazer
David Greenbaum
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
212-310-8000

Dated: December 7, 2006
175803.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of December, 2006, the attached **PLAINTIFF'S**

**REPLY TO NUTRI-HEALTH SUPPLEMENTS, LLC'S COUNTERCLAIMS** was served

upon the below-named counsel of record at the addresses and in the manner indicated:


John W. Shaw, Esquire                                                   HAND DELIVERY
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

David B. Goldstein, Esquire                                     VIA FEDERAL EXPRESS
Hymson Goldstein & Pantiliat, P.C.
14646 N. Kierland Boulevard
Suite 255
Scottsdale, AZ  85254

David S. Eagle, Esquire                                                HAND DELIVERY
Klehr, Harrison, Harvey, Branzburg & Ellers
919 Market Street, Suite 1000
Wilmington, DE  19801

Roger L. Cohen, Esquire                                         VIA FEDERAL EXPRESS
Jaburg & Wilk, P.C.
3200 N. Central Ave., Ste. 2000
Phoenix, AZ  85012


                                                           */s/ Tiffany Geyer Lydon*
                                                          _____
                                                           Tiffany Geyer Lydon


173515.1