IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLOCK DRUG COMPANY, INC., | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) C.A. No. 06-350-KAJ |
| SEDONA LABORATORIES, INC., and NUTRI-HEALTH SUPPLEMENTS, LLC d/b/a SEDONA LABORATORIES, | ) ) ) ) ) |
| Defendants. | ) ) |

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, each party believes it possesses confidential information within the contemplation of Rule 26(c) of the Federal Rules of Civil Procedure;

**WHEREAS**, each party believes certain answers to interrogatories and requests for admissions, certain documents produced, certain information obtained from inspection of premises and things, and certain testimony at depositions, which it may provide in response to discovery requests made by the other party, may require disclosure of confidential information within the contemplation of Rule 26(c)(7) of the Federal Rules of Civil Procedure;

**WHEREAS**, each party believes it is in the interests of both parties to conduct discovery under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**WHEREAS**, each party has stipulated and agreed to the provisions herein and moves the Court for entry of this Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

**WHEREAS**, each party submits herewith an affidavit to demonstrate good cause for entry of this Order.

**IT IS HEREBY ORDERED THAT:**

1. **Applicability.** This Order shall apply to all information, documents, premises, and things which are produced or made available during the course of discovery in this case, and which are owned or in the custody or control of plaintiff or defendants, or of any parents, subsidiaries, divisions, branches, and affiliates of plaintiff or defendants, or of any other parties added or substituted into this case (the "**Producing Party**"), including, without limitation, testimony at depositions upon oral examination or upon written questions pursuant to Rule 33, documents produced pursuant to Rule 34, and answers to requests for admission pursuant to Rule 36 of the Federal Rules of Civil Procedure.

2. **Other Proceedings.** By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" pursuant to this order shall promptly

notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

    3.    **Discovery Material.** For purposes of this Order, the term "**Discovery Material**" means all information, documents, premises, and things which are subject to discovery in this case in whatever form produced, disclosed, or contained, whether or not any or all of the same is designated by the Producing Party as containing or disclosing confidential information of that party. Both parties agree that all such Discovery Material will be used exclusively for the purpose of prosecuting or defending the above-captioned litigation between the parties hereto and will not be used for any other purpose whatsoever.

    4.    **Confidential Information.** For purposes of this Order, the term "**Confidential Information**" means all information, documents, premises, and things in whatever form produced, disclosed, or contained either voluntarily or pursuant to Court order during this litigation, by or on behalf of any party to any other party in connection with this litigation: (a) which the Producing Party contends and believes in good faith is a trade secret or other confidential research, development or commercial information; (b) the disclosure of which information (i) is likely to harm the competitive position of the Producing Party, or (ii) would violate an obligation of confidentiality to a third person, including a court; and (c) is designated as such in accordance with the procedures set forth below in this Order.

    5.    **Exclusions from Confidential Information.** Confidential Information shall not consist of information that: (a) at any time has been in the public

domain by publication or otherwise; (b) becomes, at any time, through no act or failure to act on the part of the party receiving the information (the "**Receiving Party**"), part of the public domain by publication or otherwise, or is otherwise available publicly or is a matter of public record on file with any governmental or regulatory agency or board; (c) is already in the lawful possession of a party at the time of disclosure and was not acquired directly or indirectly from the Producing Party; (d) is made available to a party by a nonparty who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature; (e) contains any information that a Receiving Party can show was independently and lawfully developed by it. For purposes of this Order, a document shall not be deemed to fall within one of the exclusions listed above solely because a portion of the document or more general information is in the public domain or in the possession of the Receiving Party.

6. **Good Faith Designation of Confidential Information.** Each party will use good faith in limiting the use of the CONFIDENTIAL INFORMATION designation to such Discovery Material as that party reasonably believes constitutes or discloses market information, financial and sales data, or other information that such party is entitled to maintain in confidence. A party that produces or discloses its own Confidential Information is not precluded by this Order from disclosing or using such information in any manner or for any purpose.

7. **Designation of Confidential Information.** Counsel for any party or third party to this litigation shall designate Discovery Material as Confidential Information in the following manner: each deposition, hearing, or trial transcript page,

each interrogatory answer, each document, and each premises or thing, which is designated by one party as containing or disclosing Confidential Information of that party shall be identified, on the first or cover page of each document and each page which contains confidential information, with either of the following labels: "[NAME OF PRODUCING PARTY] CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION." If the Discovery Material cannot be labeled, the Producing Party shall designate it as Confidential Information in written communication delivered to the Receiving Party along with the Discovery Material.

8. **Timing of Designation of Confidential Information**.

(a) **Answers to Interrogatories or Requests for Admissions.** Confidential Information contained in an answer to an interrogatory or an answer to a request for admission shall be designated in the manner specified in **paragraph 7** above at the time that it is served.

(b) **Production of Documents and Things.** If a Producing Party elects to produce documents and things for inspection, it need not label the documents and things in advance of the initial inspection. For purposes of the initial inspection, all documents produced shall be treated as if they had been designated as "CONFIDENTIAL INFORMATION." After the party inspecting the documents or things designates those it wants copied, the Producing Party shall mark either the original documents or the copies

of such documents with the appropriate confidentiality marking at the time it delivers the copies to the Receiving Party.

9.  **Designation of Deposition Testimony.** The following procedures shall apply if Confidential Information is discussed or disclosed in a deposition:

(a)  **Attendees.** The Producing Party shall have the right to exclude from attendance during the portion of the deposition when Confidential information is to be discussed or disclosed, any person other than the deponent, those individuals qualified to receive CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, as applicable, as set forth in **paragraphs 10 and 12** below, or as otherwise authorized by the provisions of this Order, or any subsequent order of the Court or agreement of the parties.

(b)  **Designation During Deposition.** Counsel for the Producing Party may instruct the reporter and counsel for opposing parties at any time on the record during the deposition that specific pages of, or an entire transcript is to be maintained as Confidential Information.

(c)  **Duties of Court Reporter and Clerk of Court.** If a request under subparagraph (b) is made, the court reporter shall: (i) indicate on the cover page of the transcript that the transcript contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION; (ii) list the pages and line numbers of the transcript on which such information is contained; and (iii) not furnish copies of any such material or disclose its contents to any person other than outside counsel for the respective parties or designating third party. Additionally, the deposition and confidential

6

exhibits, if retained by the reporter, shall be retained under seal, and if filed in Court, shall be filed under seal with the instructions to the Clerk of Court as set forth in **paragraph 14** below.

    **(d)**   **Designation After Receipt of Transcript**. Alternatively, a designation under subparagraph (b) shall be made in writing delivered to the court reporter and counsel for the other parties within twenty (20) days after counsel requesting the designation receives a copy of the transcript of the deposition. The request shall contain a list of the page numbers and lines of the transcript to be designated as containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information. Upon receipt of the list, the court reporter, and all counsel shall affix the list to the face of the transcript and each copy of the transcript.

    **10.**   **Access to Confidential Information**.

    **(a)**   **Qualified Persons.** Confidential Information shall be disclosed only to:

    (i)   two in-house counsel representatives for each party who are directly involved in and whose consultation with outside counsel is necessary for trial preparation or appeal of this action;

    (ii)   subject to the provisions of **paragraph 14** below, independent outside experts, consultants, or translators and their support personnel who are not employees of the parties, or their parents, subsidiaries, divisions, branches, or affiliates, and whose advice and consultation will be used by such party in connection with preparation for trial of this case;

(iii) counsel of record for the parties and their support personnel whose functions require access to such Confidential Information;

(iv) persons engaged by counsel of record to perform clerical-type services in connection with this litigation, including, without limitation, photocopying, imaging, computer data entry, and the like, who have executed an undertaking in substantially the form of the annexed **Exhibit "A,"** including the specific undertaking to instruct its employees who have access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION about their duty not to disclose such information;

(v) qualified court reporters taking testimony involving such information and necessary stenographic and clerical personnel thereof;

(vi) any party and any officer, employee, shareholder, member, manager, agent, or representative of any party (or any former officers, employees, agents or representatives of any party) who is directly involved in and whose consultation with counsel is necessary for trial preparation or appeal of this action;

(vii) the Court and all persons assisting the Court in this action;

(viii) authors, addressees and recipients of the documents or information; and

(ix) witnesses pursuant to and in accordance with the provisions of **paragraph 15** below.

(b) **Substitution of Counsel.** Should any party require the addition or substitution of outside counsel of record or should any subsequent party or non-party be subject to this Order, the parties will reasonably agree to the addition or substitution of outside counsel of record.

(c) **Request for Right to Disclose to Other Persons.** In the event that counsel of record for any party wishes to disclose any information designated as "Confidential Information" by another party to fact witnesses or potential fact witnesses who do not come within the scope of this paragraph or **paragraph 13** below, that party may do so only after having obtained the written consent of counsel for the Producing Party (which consent shall not be unreasonably withheld) or an order of the Court.

11. **Designation of Highly Confidential Information.** The parties recognize that there may be certain information, such as marketing and manufacturing information, that, because of its extremely sensitive nature, the Producing Party may want to further restrict access (hereinafter "**Highly Confidential Information**"). Any such Highly Confidential Information which is to be designated in accordance with this paragraph shall be marked, in addition to the label specified in **paragraph 7** above, with the following label: "OUTSIDE ATTORNEYS ONLY." If the Discovery Material cannot be labeled, it will be designated as Highly Confidential Information in a manner to be agreed upon.

12. **Access to Highly Confidential Information.** Highly Confidential Information shall be disclosed only to:

9

      **(a)**    counsel of record for the parties and their support personnel whose functions require access to such Highly Confidential Information;

      **(b)**    persons engaged by counsel of record to perform clerical-type services in connection with this litigation, including, without limitation, photocopying, imaging, computer data entry, and the like, who have executed an undertaking in substantially the form of the annexed **Exhibit "A,"** including the specific undertaking to instruct its employees who have access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION about their duty not to disclose such information;

      **(c)**    subject to the provisions of **paragraph 14** below, independent outside experts, consultants, or translators and their support personnel, who are not employees of the parties or their parents, subsidiaries, divisions, branches, or affiliates whose advice and consultation will be used by such party in connection with preparation for trial of this case;

      **(d)**    qualified court reporters taking testimony involving such information and necessary stenographic and clerical personnel thereof;

      **(e)**    the Court and all persons assisting the Court in this action; and

      **(f)**    witnesses pursuant to and in accordance with the provisions of **paragraph 15** below.

13. **Good Faith Designation of Highly Confidential Information.**

Each party will use good faith in limiting the use of the HIGHLY CONFIDENTIAL INFORMATION designation to such Discovery Material as that party reasonably believes constitutes or discloses information that such party is entitled to maintain in high confidence such as, without limitation, patent applications that are not open to the public, marketing information and manufacturing information.

14. **Conditions Precedent to Disclosure to Outside Experts and Consultants.** A party desiring to disclose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to an outside expert, consultant, translator, or designated representative must first meet the following conditions:

(a) No disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be made to any independent outside expert, consultant or translator unless the person to whom the disclosure is to be made shall first have signed an Undertaking in the form attached as *Exhibit "A"* to this Order.

(b) A party ( the "**Proposed Discloser**") desiring to disclose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to an independent outside expert, consultant or translator shall first deliver to the Producing Party, written notice (the "**Disclosure Notice**") of the proposed disclosure (the "**Proposed Disclosure**") together with a copy of the independent outside expert's or independent outside consultant's resume, curriculum vitae or other information adequate to identify the individual's current employer and recent employment history. The Producing Party shall be entitled to object to the Proposed Disclosure by delivering

11

written notice specifying in reasonable detail the basis for the objection (the "**Objection Notice**") to the Proposed Discloser within ten (10) days after its receipt of the Disclosure Notice (the "**Objection Period**"). Following receipt of the Objection Notice by the Proposed Discloser, the parties shall confer in good faith to resolve their disputes. In the event the parties are unable to resolve their disputes, the Producing Party may file a motion (the "**Objection Motion**") within ten (10) days following its delivery of the Objection Notice, showing good cause why the Proposed Disclosure should not be made. No CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be disclosed to independent outside expert or independent outside consultant until after the expiration of the Objection Period, or, if an Objection Motion is filed, until entry of an order by this Court adjudicating the Objection Motion, or written agreement of the parties.

15. **Disclosure of Confidential Information and Highly Confidential Information to Witnesses.** Any person may be examined as a witness at deposition and trial and may testify concerning all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION as to which such person has prior knowledge. Without in any way restricting the foregoing,

    **(a)** a present director, officer, agent or employee of a Producing Party may be examined and may testify concerning all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that has been produced by that party;

**(b)** if the witness or deponent is not a current officer, director, or employee of the Producing Party, a party shall not be prevented from disclosing such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to that witness or deponent if the witness or deponent was an officer, director, employee, agent or designee of the Producing Party when the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION was written or otherwise created and had or should have had access to such information;

**(c)** a former consultant to a Producing Party may be examined and may testify concerning CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of a Producing Party which appears on its face or from other documents or testimony to have been received from or communicated to the former consultant as a result of any contact or relationship with the Producing Party; and

**(d)** non-parties may be examined and may testify concerning any document containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of a Producing Party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party.

**16.** This Protective Order shall not be construed to prevent any party from making use of or disclosing information which (i) is, at the time of disclosure, in the public domain by publication or otherwise; (ii) becomes, at any time, through no act or failure to act on the part of the receiving party, part of the public domain by

publication or otherwise; (iii) is already in the lawful possession of a party at the time of disclosure and was not acquired directly or indirectly from the Producing Party; (iv) is made available to a party by a nonparty who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature; or (v) contains any information that a receiving party can show was independently and lawfully developed by it. For purposes of this Protective Order, a document shall not be deemed to fall within one of the exclusions listed above merely because a portion of the document or more general information is in the public domain or in the possession of the receiving party.

17. **Filing Under Seal.** If a document containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is filed with the Court, it shall be filed with the Clerk of the Court in a sealed envelope marked with the caption of the case, a schedule of the contents of the envelope, and the following notation:

> "Contains CONFIDENTIAL INFORMATION or HIGHLY
> CONFIDENTIAL INFORMATION;
> To Be Opened Only By or As Directed By The Court."

18. **Use of Information in Court Proceedings.** A party desiring to use CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of the other party during oral argument in open court prior to trial shall notify the other party, and the parties shall attempt to agree upon a suitable procedure for determining how such information can be used in open court in a manner designed to minimize inconvenience to the Court. If the parties cannot reach agreement, the party desiring to

use information may request a conference with the Court to determine how such information can be used in open court. Use of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION during trial will be resolved in the future.

19. **Designation Not Determinative.** Any access, possession, use, testing, inspection, studying or copying by either party of any Discovery Material designated as containing or disclosing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION will not constitute a concession that the Discovery Material is in fact confidential.

20. **Challenges to Confidentiality Designations.** A party shall not be obligated to challenge the propriety of a designation of information as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION at the time the designation is made, and failure to do so shall not preclude a subsequent challenge to such designation. If any party at any stage of the proceedings disagrees with such a designation, that party shall first provide to the Producing Party written notice of its disagreement. The parties shall first attempt to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court. On such a motion, the party asserting confidentiality shall have the burden of proving that the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION embodies its trade secrets or other research, development or commercial information within the meaning of Rule 26 (c) of the Federal Rules of Civil Procedure.

21. <u>**No Waiver.**</u> This Order shall not prevent any party from opposing production of any information in response to a discovery request for any reason other than confidentiality.

22. <u>**Disposition of Information After Final Termination.**</u>

Within sixty (60) days following termination of this litigation, all copies of produced documents containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be destroyed, with the exception of one archival copy of deposition exhibits, Court exhibits and documents included in submissions to the Court which may be retained by outside counsel, and one archival set of produced documents which shall be retained for a period of five (5) years from the date of termination by outside counsel for the Producing Party for record purposes in the event of a dispute over compliance with this Order, and which shall be made available on reasonable notice for inspection by outside counsel for the other party. This Order shall survive the termination of this litigation.

23. <u>**Third Parties**</u>. In the event any other parties are added or substituted into this case, this Order will be binding on such new parties.

24. <u>**Notices.**</u> All service of notices and documents pursuant to this Order shall be made by email or overnight mail service, such as Federal Express.

25. <u>**Inadvertent Disclosure.**</u>  With respect to Discovery Material inadvertently produced by a party as to which the party failed to assert a claim of confidentiality, attorney-client privilege or work product immunity, assertion of such claims shall be made as soon as practicable after learning of the inadvertent disclosure

and in no event later than the date of the final pretrial conference. Such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality, privilege or work product immunity for such information. On notice to the other party, a party may obtain return of Discovery Material that was inadvertently produced as to which a claim of confidentiality, privilege or immunity is asserted. Nothing contained herein will preclude the party returning such information from moving the Court for an order compelling production of such information on grounds other than its inadvertent production. Nothing in this Order shall require production of information that any party contends is protected from disclosure by the attorney-client privilege or the work product immunity.

26. **No Admissions.** Nothing in this Order shall be construed as an admission or agreement that any specific information is or is not confidential, subject to discovery, relevant, or admissible in evidence in this litigation.

ASHBY & GEDDES

/s/ Tiffany Geyer Lydon
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Block Drug Company, Inc.*

KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP

/s/ David S. Eagle
_____
David S. Eagle (I.D. #3387)
Patrick A. Costello (I.D. #4535)
919 Market Street, Suite 1000
Wilmington, DE 19801
(302) 426-1189
deagle@klehr.com
pcostello@klehr.com

*Attorneys for Defendant Nutri-Health Supplements, LLC d/b/a Sedona Laboratories*

YOUNG CONAWAY STARGATT & TAYLOR

/s/ Karen E. Keller
_____
John W. Shaw (I.D. #3362)
Karen E. Keller (I.D. #4489)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899
(302) 571-6600
jshaw@ycst.com
kkeller@ycst.com

*Attorneys for Defendant Sedona Laboratories, Inc.*

SO ORDERED this _____ day of _____, 2006.

_____
United States District Judge

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLOCK DRUG COMPANY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-350-KAJ |
| | ) |
| SEDONA LABORATORIES, INC., and | ) |
| NUTRI-HEALTH SUPPLEMENTS, | ) |
| LLC d/b/a SEDONA LABORATORIES, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**UNDERTAKING OF** _____

STATE OF        )
               ) ss.
COUNTY OF       )

I, _____, being duly sworn, state that:

1. My address is _____. My current employer is _____. My current occupation is _____.

2. I have received a copy of the Stipulated Protective Order in this action. I have carefully read and understand the provisions of the Stipulated Protective Order.

3.  I will comply with all of the provisions of the Stipulated Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION which is disclosed to me.

4.  Promptly upon termination of this action, I will return all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION which came into my possession, and all documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

5.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this action.

_____
(Signature)

Subscribed and sworn to before
me on this ___ day of _____, ____.

_____
Notary Public

3.  I will comply with all of the provisions of the Stipulated Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION which is disclosed to me.

4.  Promptly upon termination of this action, I will return all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION which came into my possession, and all documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

5.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this action.

_____
(Signature)

Subscribed and sworn to before
me on this ___ day of _____, ____.

_____
Notary Public