IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLOCK DRUG COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-350-KAJ |
| ) | |
| SEDONA LABORATORIES, INC., and ) | |
| NUTRI-HEALTH SUPPLEMENTS, LLC ) | |
| d/b/a SEDONA LABORATORIES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

### I. INTRODUCTION AND BACKGROUND

This is a patent infringement case filed by plaintiff, Block Drug Company, Inc., ("Block") against defendants, Sedona Laboratories, Inc., and Nutri-Health Supplements, LLC d/b/a Sedona Laboratories ("NHS"). Before me is a Motion to Reconsider (Docket Item ["D.I."] 39; the "Motion") filed by NHS pursuant to Federal Rule of Civil Procedure 54(b) and 59(e). NHS's Motion comes in response to my November 2, 2006 Order (D.I. 33) denying NHS's motion to dismiss or, alternatively, to transfer venue. In open court, I determined that 28 U.S.C. § 1391(c) was the proper venue statute to apply in this case, thereby making this court an appropriate venue if it had personal jurisdiction over NHS. (D.I. 32 at 24.) *See North Am. Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1577 n.1 (Fed. Cir. 1994) ("The venue issue is subsumed in the personal jurisdiction issue. Venue lies ipso facto if we hold ... that the district court has personal jurisdiction ... .") (citing *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d

1574, 1584 (Fed. Cir. 1990), *cert. denied*, 499 U.S. 922 (1991)). I further determined that this court had personal jurisdiction over NHS pursuant to Delaware's long-arm statute, 10 Del. C. § 3104(c), because NHS knowingly sent its products into Delaware through a contractual relationship it had with another company, and NHS sought to comply with Delaware labeling laws, thus tailoring its product so it could operate lawfully in Delaware. (D.I. 32 at 24-27.) In addition, I determined that NHS did not carry its burden of showing that Block's rational choice of this court for a forum should be overturned for what would amount to no more than the convenience of NHS. (*Id.* at 27-28.) NHS now asks me to reconsider my order denying its request to transfer this action to the U.S. Court for the District of Arizona. (D.I. 40 at 3-4.) It asserts that transfer of this action is appropriate pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interest of justice. (*Id.* at 4-19.) For the reasons that follow, I will deny NHS's Motion.

**II.   STANDARD OF REVIEW**

Motions for reconsideration should be granted sparingly. *TI Group Auto. Sys., (N. Am.), Inc. v. VDO N. Am., L.L.C.*, No. C.A.00-432-GMS, 2002 WL 87472, at *1 (D. Del. Jan. 22, 2002). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issues its order; or (3) the need to correct a clear error of law or fact or to prevent

manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, "may be appropriate where 'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Id.* at 1241 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

### III.   DISCUSSION

NHS does not argue that there has been an intervening change in the controlling law, or that there is newly discovered evidence that was not available to it at the time of judgment. Rather, it contends that there is a need to correct a clear error of law or fact or to prevent manifest injustice. (D.I. 40 at 2.) NHS asserts that under the factors identified in *Jumara v. State Farm Insurance. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995) (identifying six private interests and six public interests that courts have considered in ruling on § 1404(a) motions), the balance of convenience and fairness considerations weigh in favor of transferring this case to the U.S. Court for the District of Arizona. (D.I. 40 at 8-17.)

The U.S. Supreme Court explained in *Stewart Organization Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988), that section 1404(a) vested district courts with broad discretion to determine whether convenience and fairness considerations weigh in favor of transfer. *Id.* at 30-31; *see also Jumara*, 55 F.3d at 883. In making my determination that a transfer was not appropriate, I stated that I had considered the appropriate factors and had concluded that NHS did not carry its burden of showing that plaintiff's choice of forum should be overturned. (D.I. 32 at 27-28.) To win a motion of reconsideration, it is not enough for NHS to argue that the balance of convenience weighs in favor of transfer; rather, NHS must demonstrate that I made a clear error of law or fact, or that manifest injustice resulted from my decision. NHS argues in substantial detail that the "balance of conveniences" tips in favor of transfer, because the lawsuit has a limited connection to Delaware, it is more convenient and less expensive for NHS to litigate in Arizona, and it would be more convenient for its witnesses to litigate in Arizona. (D.I. 40 at 8-14.) It also argues that there are several public interest factors that favor transfer. (*Id.* at 14-17.) While some of these factors may indeed weigh in favor of transfer, NHS has not met its high burden of showing that I made a clear error of law or fact, or that there is manifest injustice.

Moreover, it is not appropriate for parties to make a motion of reconsideration to relitigate matters that have already been determined. *Glendon*, 836 F. Supp. at 1122; *Dale and Selby Superette & Deli v. U.S. Dept. of Agric.*, 838 F. Supp. 1346, 1347-48 (D. Minn. 1993) (citing *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986); *Brambles*, 735 F. Supp. at 1240. I did not misunderstand the arguments of

4

NHS, or make a decision outside the adversarial issues presented to me by the parties. It is, therefore, not appropriate for NHS to present arguments that it could have made previously, when it first brought its motion to transfer venue.

## IV.     CONCLUSION

Accordingly, IT IS HEREBY ORDERED that NHS's Motion for Reconsideration (D.I. 39) is DENIED.

_____
UNITED STATES DISTRICT JUDGE

December 14, 2006
Wilmington, Delaware