IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLOCK DRUG COMPANY, INC., | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 06-350-*** (MPT) |
| SEDONA LABORATORIES, INC., and NUTRI-HEALTH SUPPLEMENTS, LLC d/b/a SEDONA LABORATORIES, | ) |
| Defendants. | ) |

**PLAINTIFF BLOCK DRUG'S NOTICE OF RULE 30(b)(6)
DEPOSITION TO DEFENDANT SEDONA LABORATORIES, INC.**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Block Drug Company, Inc. ("Block Drug") will take the deposition of Defendant, Sedona Laboratories, Inc. ("SLI"), on April 18, 2007, at 9:00 a.m., at the offices of SNELL & WILMER L.L.P., One Arizona Center, 400 E. Van Buren, Phoenix, Arizona 85004. The deposition will be taken before a certified court reporter or other person authorized to administer oaths. The deposition will be recorded by videotape and by stenographic means.

SLI shall designate one or more officers, directors, employees or managing agents, pursuant to Rule 30(b)(6), who consent to testify on its behalf, to appear and testify at the taking of a deposition on the matters set forth in the attached Schedule A.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

Steven D. Glazer
David Greenbaum
Patricia Young
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
212-310-8000

Dated: March 19, 2007
179011.1

## **DEFINITIONS**

The following definitions are applicable to this notice of deposition:

1. "SLI" shall mean Defendant Sedona Laboratories, Inc., and any and all officers, directors, employees or representatives thereof.

2. "Accused Products" shall mean any tablets and/or capsules manufactured and sold by SLI, or any predecessor, successor, or related companies, that contain (among other ingredients) alpha-galactosidase.

4. As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

## **SCHEDULE A**

1. SLI's past and present corporate and organizational structure, including, but not limited to, the identity of each individual officer and employee and the function each such person performs, and the identity, location, maintenance, and content of any document(s) relating to the foregoing, and the identity of the individual officer or employee of SLI most knowledgeable about the foregoing.

2. The identity, location, organization, and maintenance of the categories of documents requested in Block Drug's First Set of Requests for Production of Documents and Things or Block Drug's First Set of Interrogatories, and the identity of and efforts made by any person to identify, collect, review, index, store, or transport any such documents, including all documents within the possession, custody or control of SLI, notwithstanding any objection by SLI, including documents relating to SLI's past and present document retention, maintenance, storage, destruction, and archiving policies and practices, and the identity of the individual officer or employee of SLI most knowledgeable about the foregoing.

3. All facts and circumstances relating to the formulation, chemical characteristics, and physical characteristics of the Accused Products, including, but not limited to, the weight, thickness, and friability of the Accused Products, the amount of alpha-galactosidase contained in the Accused Products, the excipients included in the Accused Products, the potentiating agents included in the Accused Products, the pH at which the Accused Products are optimally effective, and the identity, location, maintenance, and content of any document(s) relating to the foregoing, and the identity of the individual officer or employee of SLI most knowledgeable about the foregoing.

      4.      All facts and circumstances relating to the use of the Accused Products, including, but not limited to, the recommended use of the Accused Products, the directions on the labels of the Accused Products, and the role or function of the Accused Products (including, but not limited to, each of the ingredients) and the identity, location, maintenance, and content of any document(s) relating to the foregoing, and the identity of the individual officer or employee of SLI most knowledgeable about the foregoing.

      5.      All facts and circumstances relating to the research, design, development, analysis, evaluation, testing, and experimentation of the Accused Products, and all facts and circumstances relating to any considerations or efforts to design, redesign, or modify the Accused Products, and the identity, location, maintenance, and content of any document(s) relating to the foregoing, and the identity of the individual officer or employee of SLI most knowledgeable about the foregoing.

      6.      All facts and circumstances relating to the manufacture, production, and quality control of the Accused Products, including the identity, location, maintenance, and content of any document(s) relating to the foregoing, and the identity of the individual officer or employee of SLI most knowledgeable about the foregoing.

      7.      All facts and circumstances relating to SLI's communications with any other entities relating to the wording, design, printing, assembly, and application of the packaging or labeling of the Accused Products, and the identity, location, maintenance, and content of any document(s) relating to the foregoing, and the identity of the individual officer or employee of SLI most knowledgeable about the foregoing.

      8.      All facts and circumstances regarding SLI's relationship, dealings,

negotiations and agreements with Nutri-Health Supplements, LLC, d/b/a Sedona Laboratories, relating in any way to the manufacture, distribution, labeling, offer for sale and sale of the Accused Products, and the identity, location, maintenance, and content of any document(s) relating to the foregoing, and the identity of the individual officer or employee of SLI most knowledgeable about the foregoing.

9. All facts and circumstances regarding SLI's relationship, dealings, negotiations and agreements with Nutri-Health Supplements, LLC, d/b/a Sedona Laboratories, relating to the September 2005 Business Assets Purchase Agreement and the instant litigation, and the identity, location, maintenance, and content of any document(s) relating to the foregoing, and the identity of the individual officer or employee of SLI most knowledgeable about the foregoing.

10. All facts and circumstances relating to SLI's efforts to market, promote, advertise, solicit, sell, offer for sale, distribute, or otherwise commercially exploit the Accused Products, including, but not limited to, trade shows at which the Accused Products have been advertised, displayed, or otherwise promoted, and the identity, location, maintenance, and content of any document(s) relating to the foregoing, and the identity of the individual officer or employee of SLI most knowledgeable about the foregoing.

11. The identity of each of SLI's past or present distributors, marketers, customers, or any third parties purchasing or selling the Accused Products, and, for each party identified, all facts and circumstances relating to any shipment(s) or other distribution(s) of the Accused Products to such party, any payment(s) from such party to SLI, and any other communications between such party and SLI, and the identity, location, maintenance, and

content of any document(s) relating to the foregoing, and the identity of the individual officer or employee of SLI most knowledgeable about the foregoing.

12. All facts and circumstances relating to the SLI Web site design, construction, content, maintenance and changes, and the identity, location, maintenance, and content of any document(s) relating to the foregoing, and the identity of the individual officer or employee of SLI most knowledgeable about the foregoing.

13. All facts and circumstances relating to SLI's defense to Block Drug's allegations of willful infringement, including any reliance on advice of counsel and the advice received (including, but not limited to, written opinions and oral communications), and the identity, location, maintenance, and content of any document(s) relating to the foregoing, and the identity of the individual officer or employee of SLI most knowledgeable about the foregoing.

14. The unit sales, revenues, expenses, costs, gross profits, net profits, and losses relating to, associated with, or involving the Accused Products, and an explanation of the procedures and policies used by SLI to compute and record revenues, expenses, costs, gross profits, net profits, and losses, including the identity, location, maintenance, and content of any document(s) relating to the foregoing, and the identity of the individual officer or employee of SLI most knowledgeable about the foregoing.

15. The direct and indirect costs associated with the manufacture, operating expenses, advertising, sales, and distribution of the Accused Products, and the identity, location, maintenance, and content of any document(s) relating to the foregoing, and the identity of the individual officer or employee of SLI most knowledgeable about the foregoing.

16. All facts and circumstances relating to any license, agreement, contract, or negotiations regarding intellectual property rights to which SLI is a party, and the identity, location, maintenance, and content of any document(s) relating to the foregoing, and the identity of the individual officer or employee of SLI most knowledgeable about the foregoing.

17. SLI's financial performance on an annual basis, including, but not limited to, the information contained in SLI's annual, quarterly, or monthly reports, balance sheets, accounting books and records, statements of operations, income statements, and profit and loss statements, whether prepared for internal or external reporting purposes, and filings with the United States Internal Revenue Service, and the identity, location, maintenance, and content of any document(s) relating to the foregoing, and the identity of the individual officer or employee of SLI most knowledgeable about the foregoing.