# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

March 22, 2007

The Honorable Mary Pat Thynge     VIA ELECTRONIC FILING
United States District Court
844 North King Street
Wilmington, DE 19801

Re:   *Block Drug Company, Inc. v. Sedona Laboratories, Inc., et al.*,
      C.A. No. 06-350-*** (MPT)

Dear Judge Thynge:

Pursuant to the Court's November 1, 2006 Scheduling Order and in advance of the teleconference scheduled for Monday, March 26, 2007 at 2 p.m., plaintiff Block Drug Co. respectfully submits this letter to raise a discovery dispute concerning defendant Sedona Laboratories, Inc.'s ("SLI") failure to produce certain indisputably relevant and discoverable documents. Specifically, Block Drug is seeking an Order compelling the production of two documents (and any related information) concerning SLI's relationship with the second defendant in this action, Nutri-Health Supplements, LLC, d/b/a Sedona Laboratories ("NHS"). SLI has refused to produce these documents on grounds that they are allegedly non-relevant, confidential, protected by Rule 408 or somehow immune from discovery.

## Overview

On May 25, 2006, Block Drug filed this patent infringement action against SLI. Subsequently, Block Drug learned that SLI sold its infringing business operations and assets to NHS in January 2006. Accordingly, on July 11, 2006, Block Drug amended its Complaint to add NHS as a defendant. Pursuant to the Court's Scheduling Order, Block Drug served its initial sets of interrogatories and document requests to SLI on November 22, 2006. Yet, as of the date of the filing of this letter, SLI has produced only 52 pages of documents and represented that it does not have any additional documents within its possession, custody, or control due to the sale of its business. Block Drug will evaluate the sufficiency of SLI's document production through further discovery and will move to compel as may be necessary. However, the instant discovery dispute focuses on the following two documents that SLI admits it is withholding:

1.   **The November 1, 2006 Settlement Agreement and Limited Mutual Release between NHS and SLI:** For the first few months after Block Drug brought this action, SLI and NHS were adverse on various issues that are relevant to the disputed issues in this action. On

The Honorable Mary P. Thynge
March 22, 2007
Page 2

November 1, 2006, SLI and NHS entered into this settlement agreement and mutual release, which should be produced to Block Drug. The indemnifications and releases between SLI and NHS concerning the accused acts of infringement are relevant to issues of liability and damages. Also, the settlement agreement and mutual release may contain information concerning which parties had knowledge of the infringing acts at different periods, which is relevant to the issues of liability and Block Drug's additional allegations of willful infringement. Moreover, even the absence of certain evidence in these documents is relevant to establishing willfulness.

    2.    **The June 30, 2006 Agreement Regarding Confidentiality of Shared Opinion:** SLI's privilege document log identifies an agreement between SLI and NHS concerning "confidentiality of shared opinion." Block Drug is not seeking discovery of any opinion of counsel. Rather, Block Drug is entitled to discover the agreements between SLI and NHS concerning the referenced opinion and whether there is a proper claim of privilege on any opinion of counsel. Furthermore, information concerning the timing and recipients of any opinion of counsel, and which parties had knowledge of the infringing acts at different periods, is relevant to issues of liability and Block Drug's additional allegations of willful infringement. Moreover, even the absence of certain evidence in these documents is relevant to establishing willfulness.

<u>**Argument**</u>

A.    **SLI's Confidentiality and Rule 408 Objections Are Improper:**

On December 11, 2006, the Court entered a Stipulated Protective Order that governs the exchange of confidential information in this case. Accordingly, SLI could produce its confidential documents pursuant to the Protective Order for review only by outside counsel and maintain the confidentiality of these documents. Additionally, SLI's reliance on Fed. R. Evid. 408, is misplaced. Rule 408 is directed to the admissibility – and not the discoverability – of compromises and offers to compromise. Moreover, Rule 408 expressly "does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations." Yet, SLI is withholding relevant documents on the tenuous claim that they are related to a prior settlement between SLI and NHS.

B.    **SLI's Claim of Joint Defense and Common Interest is Improper:**

SLI has improperly claimed the applicability of the joint defense and common interest privilege for documents that, at most, are merely confidential. "In order to establish the existence of a joint defense privilege, the party asserting the privilege must show that (1) the communications were made in the course of a joint defense effort, (2) the statements were designed to further the effort, and (3) the privilege has not been waived." *In re Bevill*, 805 F.2d 120, 126 (3d Cir. 1986) (citation omitted). Furthermore, for the communications to be protected,

The Honorable Mary P. Thynge
March 22, 2007
Page 3

"the interests must be 'identical, not similar, and be legal, not solely commercial.'" *Corning Inc. v. SRU Biosys., LLC,* 223 F.R.D. 189, 190 (D. Del. 2004) (citation omitted).

However, the withheld agreements do not fall under the joint defense and common interest privilege because they were entered into prior to the establishment of any joint defense effort between SLI and NHS. In fact, SLI and NHS did not even enter into a joint defense agreement until December 15, 2006 – two and a half months after the withheld Settlement Agreement and Mutual Release, and there is no evidence that SLI and NHS were cooperating in a joint defense effort prior to the December 15, 2006 Joint Defense Agreement. Indeed, the necessity of a Settlement Agreement between SLI and NHS provides evidence that the two parties had conflicting legal interests prior to the entry of the Joint Defense Agreement.

### Conclusion

In light of the foregoing, Block Drug respectfully requests an Order compelling defendant SLI to produce: (1) the November 1, 2006 Settlement Agreement and Limited Mutual Release between NHS and SLI, and (2) the June 30, 2006 Agreement Regarding Confidentiality of Shared Opinion.

Respectfully,

/s/ *Tiffany Geyer Lydon*

Tiffany Geyer Lydon

TGL/dmf
179105.1

c:   Clerk of the Court (by hand)
     John W. Shaw, Esquire (by hand)
     David S. Eagle, Esquire (by hand)
     David B. Goldstein, Esquire (via electronic mail)
     Roger L. Cohen, Esquire (via electronic mail)
     Steven D. Glazer, Esquire (via electronic mail)