# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH

JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6554
DIRECT FAX: (302) 576-3467
kkeller@ycst.com

JOSEPH M. BARRY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
JEFFREY T. CASTELLANO
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
KAREN LANTZ
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
PATRICIA A. WIDDOSS

MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
(NJ & PA ONLY)
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER
JOHN E. TRACEY
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

March 23, 2007

VIA CM/ECF

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, DE 19801

    Re:    *Block Drug Co. v. Sedona Laboratories, Inc.*-C.A. No. 06-350-*** (MPT)

Dear Judge Thynge:

    Pursuant to the Court's November 1, 2006, Scheduling Order and in advance of the teleconference scheduled for Monday, March 26, 2007 at 2 p.m., Defendant Sedona Laboratories, Inc. ("SLI") respectfully submits this letter to address the discovery dispute concerning Block Drug Company, Inc.'s ("Block Drug") contention that SLI is required to produce two documents: (1) the November 1, 2006, Settlement Agreement and Limited Mutual Release between NHS and SLI (the "Settlement Agreement"); and (2) the June 30, 2006, Agreement Regarding Confidentiality of Shared Opinion (the "Opinion Agreement").

    SLI should not be required to produce these documents because they are not reasonably calculated to lead to the discovery of admissible evidence. Whatever useful information they may contain could be obtained by other less obtrusive means that would not implicate the policy favoring settlements embodied in Rule 408, Federal Rules of Civil Procedure, that would not require a party to an agreement to breach the promises it made in the agreement, and would not offend the work product and joint-defense doctrines. Block Drug's claims that these documents might produce relevant, admissible evidence are based on sheer speculation; the presence of countervailing polices is clear. The balance favors sustaining SLI's objections.

**Argument**

    A.    **Rule 408 Protects the Settlement Agreement.**

    Block Drug argues that Rule 408 only restricts admissibility not discoverability. But the demarcation of the scope of discovery in Rule 26(b)(1), Fed. R. Civ. Pro., begins with considerations of

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Page 2

admissibility. The discovery must be reasonably calculated to lead to the discovery of admissible evidence. If the document sought is not admissible it is not discoverable. And even if it is admissible, discovery by a particular means must be reasonably calculated.

The Settlement Agreement is not admissible. The "indemnifications and releases" that Block Drug speculates are in that agreement are, according to Block Drug, "relevant to issues of liability and damages... ." Rule 408 states that acceptance of an offer to settle "is not admissible to prove liability for or invalidity of the claim or its amount." The statements in the Settlement Agreement were made in furtherance of the settlement and are likewise inadmissible.

Courts have held that a party must meet a heightened standard to discover information contained in and related to settlement agreements in deference to Federal Rule of Evidence 408, and the public policy encouraging settlements. *See, e.g., Lesal Interiors, Inc. v. Resolution Trust Corp.,* 153 F.R.D. 552, 562 (D.N.J. 1994); *Bottaro v. Hatton Assocs.,* 96 F.R.D. 158, 160 (E.D.N.Y. 1982). The heightened standard typically requires the party moving for discovery of settlement materials to make a "particularized showing" that the information is reasonably calculated to lead to the discovery of admissible evidence. *Bottaro,* 96 F.R.D. at 160 (party seeking discovery of settlement agreement must make a "particularized showing of a likelihood that admissible evidence will be generated by the dissemination of the terms of [the] settlement agreement"). That particularized showing has not been made and could not be made here.

The Settlement Agreement contains a provision that requires SLI to maintain its confidentiality. Production without judicial direction would cause SLI to be in breach. The presence of that provision requires an even stronger particularized showing because the policy favoring parties' compliance with their contracts would not be served if SLI simply proceeded with production.

**B.    Other Means Are Available.**

Discovery must be "reasonably calculated to lead ... to admissible evidence." Other means are available to gain the information that Block Drug seeks from the Settlement Agreement and Opinion Agreement. A carefully crafted interrogatory or interrogatories or a line of questioning at a deposition will result in the information that Block Drug needs to obtain. Production of an inadmissible document or a document that is protected by the work product and joint-defense privilege are not necessary or appropriate. This court has the power to determine if discovery is "obtainable from some other source that is more convenient, less burdensome, or less expensive ... ." Rule 26 (b)(2)(i), Fed. R. Civ. P.

**C.    The Agreements Are Protected Under The Joint Defense and Common Interest Doctrines.**

The joint defense privilege protects not only confidentiality of communications passing from a party to his or her attorney but also from one party to the attorney for another party where a joint defense effort or strategy has been undertaken by the party and their respective counsel. *See U.S. v. Austin,* 416 F.3d 1016 (9th Cir. 2005). It permits persons with common interests to share privileged attorney-client and work-product communications in order to coordinate their respective positions without destroying the privilege.

NHS and SLI have a common interest in the litigation concerning the validity of the Beano patent and Block Drug's allegations against those companies. Early in this case, before Block Drug filed its lawsuit, NHS and SLI agreed to exchange information concerning the litigation matters and coordinate their litigation strategy and positions. The Opinion Agreement itself is evidence of their cooperation. It

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Page 3

is dated June 6, 2006, approximately six months before the parties' prior oral understanding was documented in an agreement.

Block Drug contends that these doctrines do not apply because the Agreements were "entered into prior to the establishment of any joint defense efforts by NHS." But Block provides absolutely no legal authority for its position that a written agreement is required to establish joint defense efforts. The doctrine applies when the parties undertake a joint defense effort or strategy.

And, Block Drug has no evidence, other than speculation, that "SLI and NHS were [not] cooperating in a joint defense effort prior to the December 15, 2006 Joint Defense Agreement. NHS and SLI met early in this matter – before Block filed its lawsuit – to discuss and agree upon a joint defense strategy. In furtherance of that strategy, NHS and SLI executed the Opinion Agreement and shared an opinion confirming the invalidity of the Beano patent. Significantly, the Opinion Agreement was executed on June 30, 2006. This demonstrates that, as far back as June 2006, NHS and SLI were coordinating their litigation efforts against Block Drug. These Agreements are precisely the type of materials that are protected under the joint defense and common interest doctrines. SLI is not required to produce the Agreements to Block Drug.

### Conclusion

For the foregoing reasons, SLI respectfully requests that this Court deny Block Drug's request for an order compelling production of the Opinion Agreement and Settlement Agreement.

Respectfully submitted,

/s/ Karen E. Keller

Karen E. Keller (No. 4489)

cc: Clerk of the Court (via CM/ECF and hand delivery)
David S. Eagle, Esq. (via electronic mail and hand delivery)
Tiffany Geyer Lydon, Esq. (via electronic mail and hand delivery)
Roger L. Cohen, Esq. (via electronic mail)
Steve D. Glazer, Esq. (via electronic mail)

DB02:5864885.1                                                                                              065525.1001