# KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP
### ATTORNEYS AT LAW

**PATRICK A. COSTELLO**

Direct Dial: (302) 552-5504

PCostell@klehr.com

Admitted in Pennsylvania,
New Jersey & Delaware

919 MARKET STREET
SUITE 1000
WILMINGTON, DELAWARE 19801-3062

(302) 426-1189
FAX (302) 426-9193

**www.klehr.com**

**New Jersey Office**
457 Haddonfield Road
Suite 510
Cherry Hill, New Jersey 08002-2220
(856) 486-7900

**Philadelphia Office**
260 South Broad Street
Philadelphia, Pennsylvania 19102-5003
(215) 568-6060

**March 23, 2007**

**<u>Via Electronic Filing</u>**

The Honorable Mary Pat Thynge
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 King Street
Room 6100
Lock Box 8
Wilmington, DE 19801

> RE:  ***Block Drug Company, Inc. v. Sedona Laboratories, Inc., et al.,***
> ***D. Del. C.A. No. 06-350-*** (MPT)***

Dear Magistrate Judge Thynge:

In advance of the teleconference scheduled for **Monday, March 26, 2007 at 2 p.m.** in the above-referenced action, enclosed please find a letter from our co-counsel, Michelle C. Lombino, Esq., on behalf of defendant Nutri-Health Supplements, LLC (letter attached hereto as Exhibit A). We respectfully submit this letter in response to the March 22, 2007 letter filed by Tiffany Geyer Lydon, Esq. on behalf of plaintiff Block Drug Company, Inc.

Respectfully,

*/s/ Patrick A. Costello*

Patrick A. Costello
(DE Bar #4535)
*pcostello@klehr.com*

cc:    Clerk of Court (by hand)
       David S. Eagle, Esq. (via email)
       Michelle C. Lombino, Esq. (via email)
       Tiffany Geyer Lydon, Esq. (via email)
       David B. Goldstein, Esq. (via email)
       Steven D. Glazer, Esq. (via email)

DEL1 65946-1

# EXHIBIT A



**Jaburg**
**& Wilk, P.C.**
ATTORNEYS AT LAW

3200 N. Central Ave., Suite 2000
Phoenix, AZ 85012

Michelle C. Lombino

mcl@jaburgwilk.com
Direct Line 602/248-1027
Main Fax 602/248-0522

March 23, 2007

*Via Electronic Mail*

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, Delaware 19801

  Re: *Block Drug Company, Inc. v. Sedona Labs, Inc., et al.,*
    C.A. No. 06-350-\*\*\* (MPT)

Dear Judge Thynge:

  This letter is submitted on behalf of Defendant Nutri-Health Supplements, LLC ("NHS"), pursuant to this Court's November 1, 2006, Scheduling Order, in opposition to the demand of Block Drug Company, Inc. ("Block") that Defendant Sedona Laboratories, Inc. ("SLI") produce: (i) the June 30, 2006, Agreement Regarding Confidentiality of Shared Opinion between NHS, and SLI; and (ii) the November 1, 2006, Settlement Agreement, and Limited Mutual Release between NHS, and SLI.

  Both the Agreement Regarding Confidentiality of Shared Opinion, and the Settlement Agreement are protected by the attorney-client, common interest, joint defense, and work product doctrines. Additionally, as set forth in correspondence from SLI's counsel to the Court of today's date, neither agreement is relevant to the claim or defense of any party, nor calculated to lead to the discovery of admissible evidence. Accordingly, the Court should deny Block's request for an order compelling production of these agreements.

  I. **The Agreements are Protected by the Common Interest and Joint Defense Privileges.**

  The attorney-client privilege is an exception to the spirit of broad disclosures envisioned by the Federal Rules of Civil Procedure, and the joint defense or common interest privilege is an extension of the attorney-client privilege. *Ocean Atlantic Development Corp. v. Willow Tree Farm, L.L.C,* (Not Reported in F. Supp. 2d) 2002 WL 649043 (N.D. Ill. 2002). Courts have also held that the joint defense privilege likewise is an extension of the work-product doctrine. *Western Fuels Ass'n. v. Burlington N.R.R.,* 102 F.R.D. 201, 203 (D. Wyo. 1984); *Haines v. Liggett Group,* 975 F.2d 81 (3rd Cir. 1992).

www.jaburgwilk.com
*Offices also in Scottsdale*
14500 N. Northsight Blvd., Suite 116 • Scottsdale, AZ 85260 • Tel 480/609-0011 • Fax 480/609-0016

12751-1/MCL/MCL/578688_v1

The Honorable Mary Pat Thynge
March 23, 2007
Page 2

To establish the existence of a joint defense privilege, the party asserting the privilege must show that: (1) the communications were made in the course of a joint defense effort, (2) the statements were designed to further the joint defense effort, and (3) the privilege has not been waived. *United States v. Bay State Ambulance & Hosp. Rental Serv.* 874 F.2d 20, 28 (1st Cir.1989), citing *In re Bevill, Bresler & Schulman Asset Management Corp.* 805 F.2d 120, 126 (3rd Cir.1986); *see also Waller v. Financial Corp. of America*, 828 F.2d 579 (9th Cir.1987).

In the present case, NHS, in January 2006 (the "Closing"), acquired all rights and interest of SLI in a product (the "Product") containing the alpha-galactosidase enzyme. Months after the Closing, Block filed the present action against SLI, alleging that the Product infringes U.S. Patent No. 6,344,196 ("the '196 Patent"). From the onset of this litigation, both SLI and NHS have recognized and acknowledged their common interest in the outcome of Block's claims: the Product does not infringe the '196 Patent. *Ocean Atlantic Development Corp. v. Willow Tree Farm, L.L.C.*, 2002 WL 649043, 6 *citations omitted* (A person need not be a litigant to be a party to a joint defense agreement. The joint defense privilege applies to parties or potential parties sharing a common interest in the outcome of a   ·
particular claim).

Block argues without a shred of evidence that the Agreement Regarding Confidentiality of Shared Opinion, and the Settlement Agreement "were entered into prior to the establishment of any joint defense effort between SLI, and NHS." Given that SLI and NHS recognized their common interest from the onset of this litigation, Block, quite simply, is mistaken. *See Ocean Atlantic Development Corp. v. Willow Tree Farm, L.L.C*, 2002 WL 649043, 6, *citations omitted* (oral joint defense agreements may be valid). The execution of the Agreement Regarding Confidentiality of Shared Opinion in June, 2006, some five months before the execution of the Settlement Agreement evidences the almost immediate joint defense efforts of SLI and NHS. Moreover, that SLI and NHS executed the Settlement Agreement before the Joint Defense Agreement does not somehow disprove their joint defense efforts. *See In Beneficial Franchise Company, Inc. v. Bank One, N.A.*, 205 F.R.D. 212, 221-222 (N.D. Ill. 2001) (rejecting the argument of the plaintiff in a patent infringement that settlement discussions between defendants cannot relate to the common litigation interest of the defendants).

## II.    The Settlement Agreement is Protected Even if it Does Not Fall Squarely Within a Privilege.

In *In Beneficial Franchise Company, Inc. v. Bank One, N.A.*, the Court held that settlement discussions between the defendants in that patent infringement litigation would be protected even if they did not fall squarely within any privilege. 205 F.R.D. 212, 222. The Court found:

> [T]he Court agrees with the authorities that generally find it unwise to allow one party to obtain discovery about the ongoing settlement positions of opposing parties in ongoing litigation. *** [d]iscovery of settlement negotiations in ongoing litigation is unusual because it would give a party information about an opponent's strategy.

205 F.R.D. 212, 221 *(citations omitted)*. Similarly, in the present case, disclosure to Block of the Settlement Agreement between SLI and NHS would give Block the unfair advantage of obtaining information about its opponents' litigation strategy.

The Honorable Mary Pat Thynge
March 23, 2007
Page 3

### III.   Conclusion.

For the reasons set forth herein and in the correspondence of SLI's counsel, the Court should deny Block's request for an order compelling production of the agreements.

Respectfully yours,

**JABURG & WILK, P.C.**

Michelle C. Lombino

MCL:dge
cc:    Tiffany Geyer Lydon, Esq. via email
       Steven D. Glazer, Esq. via email
       David Goldstein, Esq. via email
       Karen Keller, Esq. via email
       David Eagle, Esq. via email
       Patrick Costello, Esq. via email
       Roger L. Cohen, Esq. via email
       Thomas Connelly, Esq. via email
       Tracy King via email
       Fred Auzenne via email