IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLOCK DRUG COMPANY, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) C.A. No. 06-350-*** (MPT) |
| SEDONA LABORATORIES, INC., and NUTRI-HEALTH SUPPLEMENTS, LLC d/b/a SEDONA LABORATORIES, | ) ) ) ) ) |
| Defendants. | ) ) |

**NOTICE OF DEPOSITION
AND SUBPOENA DIRECTED TO JIM ANGUS**

PLEASE TAKE NOTICE that at 9:00 A.M. on April 16, 2007, in accordance with Rule 45 of the Federal Rules of Civil Procedure, Jim Angus will be required to produce and permit inspection and copying of the materials designated in the attached subpoena. Jim Angus will be required to produce the materials at Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153-0119, or at such other location as is mutually agreeable.

You are invited to attend and inspect the materials produced.

PLEASE ALSO TAKE NOTICE that at 9:00 A.M. on April 24, 2007, and continuing from day to day until completed, plaintiff Block Drug Company, Inc. will take the deposition of Jim Angus. The deposition will be taken at Snell & Wilmer, LLP, 600 Anton Blvd., Suite 1400, Costa Mesa, California 92626-7689, or at such other location as is mutually agreeable.

The deposition will be taken in accordance with the Federal Rules of Civil Procedure before an official authorized by law to administer oaths and will continue from day to day until completed. The testimony will be recorded by audio, audio-visual, and/or stenographic means.

You are invited to attend and examine the witness.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

---
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*Block Drug Company, Inc.*

*Of Counsel:*

Steven D. Glazer
David Greenbaum
Patricia Young
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

Dated:  March 26, 2007

179207.1

≥AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

<u>     CENTRAL     </u> DISTRICT OF <u>    CALIFORNIA    </u>

Block Drug Company, Inc.

V.

Sedona Laboratories, Inc., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  06-350-(***) (District of Delaware)

TO: Jim Angus
     c/o Michelle Lombino, Esq.
     3200 N. Central Ave., Suite 2000
     Phoenix, AZ 85012

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  SNELL & WILMER, LLP  600 Anton Blvd., Suite 1400, Costa Mesa, CA 92626-7689 | DATE AND TIME  4/24/2007 9:00 am |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See EXHIBIT A.

| PLACE  Weil, Gotshal & Manges LLP  767 Fifth Avenue, New York, NY 10153-0119 | DATE AND TIME  4/16/2007 9:00 am |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *Tiffany Geyer Lydon*  Attorney for Plaintiff | DATE  3/26/07 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Tiffany Geyer Lydon, Ashby & Geddes, 500 Delaware Avenue, P.O. Box 1150, Wilmington, DE 19899, (302) 654-1888

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
　(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
　(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
　　(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
　(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
　　(i) fails to allow reasonable time for compliance;
　　(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
　　(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　(B) If a subpoena
　　(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
　　(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
　　(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
　(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
　　(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
　　(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
　　(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
　(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
　　(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# **EXHIBIT A**

## **DEFINITIONS**

1. The term "Block Drug" shall mean Block Drug Company, Inc., and any and all officers, directors, employees, representatives, partners, corporate parents, subsidiaries, affiliates, predecessors, successors or assigns thereof.

2. The term "SLI" shall mean Defendant Sedona Laboratories, Inc., and any and all officers, directors, employees, representatives, partners, corporate parents, subsidiaries, affiliates, predecessors, successors or assigns thereof.

3. The term "NHS" shall mean Defendant Nutri-Health Supplements, LLC, d/b/a Sedona Laboratories, and any and all officers, directors, employees, representatives, partners, corporate parents, subsidiaries, affiliates, predecessors, successors or assigns thereof.

4. The term "Accused Products" shall mean any tablets and/or capsules manufactured, offered for sale, imported or sold by SLI or NHS, or any predecessor, successor, or related company, that contain (among other ingredients) alpha-galactosidase, including, but not limited to GasAway+ and all private label products containing alpha-galactosidase.

5. "Document" shall include both paper and electronic format.

6. "Relating to" or "concerning" shall mean, without limitation, identifying, describing, comprising, consisting of, reflecting, assessing, discussing, reporting, constituting, disclosing, pertaining to and/or regarding.

## INSTRUCTIONS

1. These requests shall be deemed continuing, requiring you to serve supplemental answers and documents and things promptly in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. Such documents are to be produced as soon as is reasonably possible after they are located or obtained.

2. Each request shall be answered on the basis of your entire knowledge, from all sources, after an appropriate and good faith inquiry has been made and a search has been conducted. If with respect to any category there are no responsive documents, you shall so state in writing.

3. If you have any good faith objection to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated. If there is an objection to any part of a request, then the part objected to should be identified and documents responsive to the remaining unobjectionable part should be produced.

4. For each document and thing requested herein that you withhold or redact under a claim of attorney-client privilege, work product immunity, or any other privilege or immunity, you shall provide at the time of production an explanation of the basis for the claim.

5. For any document requested herein that has been destroyed or misplaced, you shall provide a description of the document, as well as a brief explanation of the circumstances (e.g., when, how, by whom, why, etc.) surrounding the document's destruction or loss, and any and all records pertaining to its destruction or loss.

**DOCUMENTS REQUESTED**

1. All documents and things relating to your employment or retention by, for, or on behalf of SLI or NHS, including, without limitation your duties and compensation concerning consultation, sales and/or representations performed for or on the behalf of SLI or NHS.

2. All documents and things, including, without limitation any notebooks, analyses and reports, concerning research, development or production relating to the efficacy, formulation or chemical and physical characteristics of Beano® or the Accused Products.

3. All documents and things, including all print and website materials, relating to any past, present or anticipated business plans, promotion, advertising, marketing, manufacturing or sales of the Accused Products.

4. All documents and things relating to the packaging or labeling of the Accused Products.

5. All documents and things relating to the sale and success of Beano® or the Accused Products in the marketplace.

6. All documents and things relating to any opinion or evaluation concerning the formulation of Beano®, including any attempts to copy, reverse engineer or otherwise test, analyze, experiment with or study Beano®.

7. All documents and things relating to any license, agreement, contract or negotiation regarding the manufacture, sale, or offer to sell of the Accused Products, to which SLI or NHS is a party, including all agreements concerning any such private label products.

8. All documents and things relating to U.S. Patents Nos. 6,344,196 and 5,989,544 or any foreign counterpart thereof, including your first awareness of these patents.

3

9.   All documents and things relating to whether the manufacture, use, and sale of the Accused Products infringes, either literally or under the doctrine of equivalents, contributes to infringement by others, or induces others to infringe any claim of U.S. Patents Nos. 6,344,196 or 5,989,544.

10.   All documents and things relating to the September 15, 2006 Declaration of Jim Angus filed in support of NHS's Motion to Dismiss, or Alternatively, to Transfer Venue, including all drafts, communications, and materials relied upon concerning this document.