# KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP
### ATTORNEYS AT LAW

**DAVID S. EAGLE**
Direct Dial: (302) 552-5508
DEAGLE@klehr.com

919 MARKET STREET
SUITE 1000
WILMINGTON, DELAWARE 19801-3062

(302) 426-1189
FAX (302) 426-9193

www.klehr.com

**New Jersey Office**
457 Haddonfield Road
Suite 510
Cherry Hill, New Jersey 08002-2220
(856) 486-7900

**Philadelphia Office**
260 South Broad Street
Philadelphia, Pennsylvania 19102-5003
(215) 568-6060

**April 5, 2007**

**VIA ELECTRONIC FILING**

Magistrate Judge Mary Pat Thynge
United States District Court for the District of Delaware
844 King Street
Room 6100, Lock Box 8
Wilmington, DE 19801

RE: **Block Drug Co., Inc. v. Sedona Laboratories, Inc., et al.**
    **D. Del., C.A. No. 06-350-*** (MPT)**

Dear Magistrate Judge Thynge:

We are local counsel to defendant Nutri-Health Supplements, LLC ("NHS"). Pursuant to the Court's November 1, 2006 Scheduling Order and in advance of the teleconference to be scheduled[1], NHS respectfully submits this letter to seek the Court's ruling on a discovery dispute concerning plaintiff Block Drug Co.'s ("Block Drug") refusal to limit the scope of two of its intended areas of questioning during a Rule 30(b)(6) deposition of NHS noticed for April 16, 2007. Specifically, NHS is seeking an Order limiting the scope of those two contested areas of inquiry to matters that are related to the alleged infringing product.

## Overview

In Block Drug's 30(b)(6) deposition notice, it identifies 17 areas of intended inquiry. Item numbers 16 and 17 are impermissibly broad and seek discovery of information that is neither relevant to any claims or defenses in this matter, nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, Block Drug seeks the following:

> 16. All facts and circumstances relating to *any* license, agreement, contract, or negotiations regarding intellectual property rights to which NHS is a party, and the identity, location, maintenance, and content of any document(s) relating to the foregoing, and the identity of the individual officer or employee of NHS most knowledgeable about the foregoing.

---

[1] On April 3, 2007, counsel spoke to the Court's clerk to obtain a hearing date. However, because Your Honor was out of the office, the clerk suggested we file our letter in anticipation of later receiving a hearing date.

DEL1 66014-2

KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP

Magistrate Judge Mary Pat Thynge
April 5, 2007
Page 2

       17.     NHS's financial performance on an annual basis, including, but not limited to, the information contained in NHS's annual, quarterly, or monthly reports, balance sheets, accounting books and records, statements of operations, income statements, and profit and loss statements, whether prepared for internal or external reporting purposes, and filings with the United States Internal Revenue Service, and the identity, location, maintenance, and content of any document(s) relating to the foregoing, and the identity of the individual officer or employee of NHS most knowledgeable about the foregoing.

Block Drug claims it is entitled to this unlimited, irrelevant discovery because it intends to seek damages under a "reasonable royalty" theory of damages. However, even under that theory of damages, Block Drug is not entitled to the broad, limitless discovery it seeks.

**Argument**

Regardless of its ultimate purpose, discovery must be relevant to a claim or defense, or reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1); *see also* F.R.E. 401 and 402. Only upon a finding of infringement is a claimant then entitled to "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty *for the use made of the invention* by the infringer ...." 35 U.S.C. § 284 (emphasis added). A reasonable royalty "must be reasonable under all circumstances, that is, it must be at least a close approximation of what would be adequate to compensate *for the use made of the invention* by the defendant." *Unisplay, S.A. v. Am. Elec. Sign Co., Inc.*, 69 F.3d 512, 516 (Fed. Cir. 1995) (emphasis added). And, "[a]ny rate determined by the trier of fact must be supported by relevant evidence in the record." *Id.* at 517.

The seminal case on the evidentiary facts relevant to determining a "reasonable royalty" is *Georgia-Pacific Corp. v. U.S. Plywood-Champion Papers*, 318 F.Supp. 1116, * (S.D.N.Y. 1970); *see also Inline Connection Corp. v. AOL Time Warner, Inc.*, 470 F.Supp.2d 424, 2007 WL 108382, *4 n.9 (D.Del. 2007) (Thynge, M.J.) (recognizing *Georgia-Pacific* factors); *Procter & Gamble Co. v. Paragon Trade Brands, Inc.*, 989 F.Supp. 547, 606-15 (D.Del. 1997) (applying *Georgia-Pacific* factors); *Mobil Oil Corp. v. Amoco Chem. Corp.*, 915 F.Supp. 1333, 1352-69 (D.Del. 1995) (same). The fifteen *Georgia-Pacific* factors ("GP Factors") focus on what a willing licensor and willing licensee would have considered in arriving at a reasonable royalty for the patented invention at the time of the initial infringement. Those factors largely focus on certain aspects of the patent-in-suit itself or comparable patented inventions (factors 1-4 and 7-13); the relationship between the parties (factors 5 and 15); derivative or convoyed sales spurred on by the use of the patented invention (factor 6), which are not alleged here; or the opinion of an expert analyzing the foregoing factors (factor 14). *See Georgia-Pacific*, 318 F.Supp. at 1120. The further one moves away from those factors, the less relevant or probative the information sought becomes.

DEL1 66014-2

KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP

Magistrate Judge Mary Pat Thynge
April 5, 2007
Page 3

### a. IP Licenses not Involving the Patented Invention (Item No. 16)

Block Drug seeks discovery of "any license, agreement, contract, or negotiations regarding intellectual property rights to which NHS is a party." The scope of that inquiry goes far beyond the patent-in-suit or comparable patents. This Court has previously recognized that GP Factor 2—the GP Factor most applicable to this line of inquiry—"focuses on the licensing customs of the industry" and that a reasonable royalty is informed by "licenses on comparable patents in the industry." *Procter & Gamble*, 989 F.Supp. at 607-08. Consequently, Block Drug's intended inquiry into "any" IP licenses or agreements is far too broad and contemplates discovery far beyond what is relevant here.

### b. Overall Financial Performance (Item No. 17)

Similarly, Block Drug intends, impermissibly, to conduct questioning into NHS's overall financial condition. In *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152 (6th Cir. 1978), the Court held that it was reversible error to base a reasonable royalty on an infringer's "overall profit in all its products." *Panduit*, 575 F.2d at 1164. More recently, this Court has excluded from the determination of a reasonable royalty evidence of revenues generated from services that did not directly derive from the patented invention. *Inline Connection Corp.*, 2007 WL 108382, *6. Moreover, none of the GP Factors encompasses an alleged infringer's overall profitability, but rather are focused on the profitability of products made under the patent (GP Factor 8) or the portion of the profits from the sale of infringing products that can be attributed to the patented invention (GP Factors 12 and 13). Consequently, Block Drug's intended inquiry exceeds the bounds of relevance. Finally, NHS has a recognized interest in maintaining the confidentiality of its financial records, particularly its tax returns. *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975).

### Conclusion

In light of the foregoing, NHS respectfully requests an Order limiting the scope of permissible inquiry regarding Item No. 16 to licenses, agreements, contracts or negotiations regarding intellectual property rights utilized in the allegedly infringing product; and regarding Item No. 17 to the financial performance of NHS relative to the production, manufacturing and sale of the allegedly infringing product.

Respectfully,

David S. Eagle (DE Bar # 3387)

cc:   Clerk of the Court (via e-filing & hand delivery)
      Counsel of Record (via e-filing)

DEL1 66014-2