IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLOCK DRUG COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> SEDONA LABORATORIES, INC., NUTRI-HEALTH SUPPLEMENTS, LLC d/b/a/ SEDONA LABORATORIES, ALAN LEMISCH, KWAN SUNG JIN, FRED AUZENNE and TRACY KING, <br><br> Defendants. | C.A. No. 06-350-***(MPT) |

## ANSWER TO SECOND AMENDED COMPLAINT

Defendants Sedona Laboratories, Inc. ("SLI"), Alan Lemisch ("Lemisch") and Kwan Sung Jin ("Jin") (collectively the "SLI Defendants") hereby demand a trial by jury on all issues so triable and, for their answer to the Second Amended Complaint and Demand for Jury Trial ("Complaint"), states as follows:

### FOR A FIRST DEFENSE

1. This Court lacks personal jurisdiction over the SLI Defendants.

### FOR A SECOND DEFENSE

2. Venue is not proper in this Court.

### FOR A THIRD DEFENSE

3. Because this forum is inconvenient for both Plaintiffs and Defendants, and the witnesses who may have information relevant to the action, this case should be transferred to the District of Arizona pursuant to 28 U.S.C. § 1404 or the doctrine of *forum non conveniens.*

### FOR A FOURTH DEFENSE

4. Answering paragraph 1 of the Complaint, deny the allegations of that paragraph and

deny that they have infringed a valid patent, but admit that the action Plaintiff alleges purports to be an action for patent infringement.

5. Admit the allegations of paragraph 2 of the Complaint.

6. Deny the allegations of paragraph 3 of the Complaint.

7. Answering paragraph 4 of the Complaint, admit that Plaintiff Block Drug Company, Inc. ("Block Drug") is a corporation organized and existing under the laws of the State of New Jersey, but state that they are without knowledge or information sufficient to admit or deny that Block Drug's principal office and place of business is at 1000 05K Drive, Moon Township, Pennsylvania 15108, but state that its principal place of business is not located within the District of Delaware.

8. Answering paragraph 5 of the Complaint, deny the allegations of that paragraph, but admit that SLI is a corporation organized and existing under the laws of the State of Arizona, and affirmatively state that SLI's principal place of business is not currently at 211 Jennifer Lane and/or 218 Justin Drive, Cottonwood, Arizona, and that since the January, 2006 sale of all, or substantially all of SLI's assets, it has not engaged in any business whatsoever.

9. Answering paragraph 6 of the Complaint, admit that Nutri-Health Supplements, L.L.C. ("NHS") is organized and existing under the laws of the State of Arizona, and that NHS's principal place of business is located at either 211 Jennifer Lane or 218 Justin Drive in Cottonwood, Arizona.

10. Answering paragraph 7 of the Complaint, admit that Lemisch is one of only two sole-shareholders and the President of SLI, but deny that Lemisch was personally responsible for making, offering to sell, and selling the product that Plaintiff contends infringes one of its patents, and deny that Lemisch or any of the other SLI Defendants infringed any patent of

Plaintiff or caused any events to occur that support any of Plaintiff's claims or make them liable to Plaintiff.

11. Answering paragraph 8 of the Complaint, admit that Jin is one of only two sole-shareholders of SLI, but deny that Jin was personally responsible for making, offering to sell, and selling the product that Plaintiff contends infringes one of its patents, and deny that Jin or any of the other SLI Defendants infringed any patent of Plaintiff or caused any events to occur that support any of Plaintiff's claims or make them liable to Plaintiff.

12. Answering paragraph 9 of the Complaint, state that they are without knowledge or information sufficient to admit or deny the allegations of that paragraph.

13. Answering paragraph 10 of the Complaint, state that they are without knowledge or information sufficient to admit or deny the allegations of that paragraph.

14. Answering paragraph 11 of the Complaint, deny the allegations of that paragraph, but admit that SLI has in the past manufactured and distributed over-the-counter digestive products and nutritional supplements for consumer use and has marketed products to regional grocery and drug chains, such as Eckerd Drug Stores ("Eckerd"), but deny that they do so at the present time.

15. Answering paragraph 12 of the Complaint, deny the allegations of that paragraph, except admit that SLI in the past has encapsulated a powder containing various ingredients including the enzyme alpha-galactosidse as well as other enzymes, in capsule or tablet form (the "Sedona Product") and claimed that it helped prevent uncomfortable gas and that it distributed a private-label-branded version of that product to Eckerd under the name "food-enzyme," but deny that SLI still manufactures, encapsulates, or markets that product at the present time, and state that they are without sufficient knowledge or information to admit or deny the allegations of paragraph 12 as they relate to Defendants NHS, Fred Auzenne, and Tracy King.

16. Answering paragraph 13 of the Complaint, admit that SLI in the past has sold a version a Sedona Product under the name "GasAway+" to purchasers in the United States, but deny the other allegations in paragraph 13, state that they are without knowledge or information sufficient to admit or deny that Exhibit A to the Complaint is a true and correct copy of a product flyer for GasAway+ obtained from "Defendants' Web site," and state that they are without sufficient knowledge or information to admit or deny the allegations of paragraph 13 as they relate to Defendants NHS, Fred Auzenne, and Tracy King.

17. Deny paragraph 14 of the Complaint, but state that they are without sufficient knowledge or information to admit or deny the allegations of paragraph 14 as they relate to Defendants NHS, Fred Auzenne, and Tracy King.

18. Answering paragraph 15, state that they are without sufficient knowledge to admit or deny the allegations of that paragraph, but admit that Exhibit B to the Complaint is document "United States Patent, Patent No.: US 6,344,196 B1" titled "Compositions and Method for Reducing Gastro-Intestinal Distress Due To Alpha-D-Galactoise-Linked/Containing Sugars" and that the Assignee is Plaintiff, but deny that Plaintiff's patent is valid.

19. Answering paragraph 16, state that they are without sufficient knowledge or information to admit or deny the allegations of that paragraph.

20. Deny paragraph 17 of the Complaint, but admit that SLI and NHS has sold a product in the past containing alpha-galactosidase and promoted it as being effective for the prevention of uncomfortable gas and related symptoms.

21. Deny paragraphs 18, 19, 20, 21, 22, 23, and 24 of the Complaint.

FOR A FIFTH DEFENSE AND FIRST AFFIRMATIVE DEFENSE

22. On information and belief, Plaintiff's complaint fails to state a claim for relief for

damages which Plaintiff can assert.

## FOR A SIXTH DEFENSE AND SECOND AFFIRMATIVE DEFENSE

23. Plaintiff bases its suit on a patent that is invalid because its subject was neither new, novel, non-obvious, nor original. The use of galactosidases by humans to alleviate gas was known to the prior art before the application for that patent was submitted to the United States Patent and Trademark Office ("PTO"). On information and belief, the alleged invention claimed in the patent was known or obvious in the trade, was patented, in public use, on-sale, and disclosed by publication more than a year before the filling of that application.

## FOR A SEVENTH DEFENSE AND THIRD AFFIRMATIVE DEFENSE

24. Plaintiff is not entitled equitable relief because of laches.

## FOR A EIGHTH DEFENSE AND FOURTH AFFIRMATIVE DEFENSE

25. Plaintiff is not entitled to damages from the SLI Defendants by virtue of 35 U.S.C. § 287 because any sales of products containing alpha-galactosidase by the SLI Defendants occurred before it had notice of Plaintiff's alleged patent, and because the products marketed by Plaintiff containing alpha-galactosidase did not contain any marking indicating that they practiced that patent which Plaintiff alleges was infringed.

## FOR AN NINTH DEFENSE AND FIFTH AFFIRMATIVE DEFENSE

26. Plaintiff is not entitled to equitable relief because of its unclean hands.

## RESERVATION OF RIGHTS TO PLEAD ADDITIONAL AFFIRMATIVE DEFENSES

27. The SLI Defendants reserve their right to plead as additional affirmative defenses any defenses listed in F. R. Civ. P. 8 (c), or any other mailer constituting an affirmative defense or avoidance as those defenses may be revealed in disclosures required by the rules or discovery.

WHEREFORE, the SLI Defendants demand judgment dismissing the Complaint and

decreeing that Plaintiff take nothing and awarding the SLI Defendants their reasonable attorneys' fees pursuant to 35 U.S.C. § 285, their costs, interest on those amounts until paid in full, and such other and further relief as may be just and appropriate under the circumstances of this action.

                            YOUNG CONAWAY STARGATT & TAYLOR, LLP

                            /s/ John W. Shaw
                            John W. Shaw (No. 3362)
                            Karen E. Keller (No. 4489)
                            The Brandywine Building
                            1000 West Street, 17th Floor
                            P.O. Box 391
                            Wilmington, DE 19899-0391
                            (302) 571-6600
                            kkeller@ycst.com

                            Attorneys for Sedona Laboratories, Inc.

OF COUNSEL:

David B. Goldstein
Hymson Goldstein & Pantiliat, P.C.
14646 North Kierland Blvd., Suite 255
Scottsdale, AZ 85254
(480) 991-9077

Dated: April 16, 2007

## CERTIFICATE OF SERVICE

I, John W. Shaw, hereby certify that on April 16, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

David S. Eagle
Patrick A. Costello
Klehr, Harrison, Harvey, Branzburg
  & Ellers
919 Market Street
Suite 1000
Wilmington, DE 19801

I further certify that on April 16, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY FEDERAL EXPRESS

Steven D. Glazer
David Greenbaum
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Roger L. Cohen
Michelle C. Lombino
Jaburg & Wilk, P.C.
14500 N. Northsight Blvd., Ste 116
Scottsdale, AZ 85260

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
*jshaw@ycst.com*
Karen E. Keller (No. 4489)
*kkeller@ycst.com*
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
302-571-6600