IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BLOCK DRUG COMPANY, INC., :
:
                Plaintiff, :
:
v.    : Civil Action No. 06-350-***
:
SEDONA LABORATORIES, INC., et al.,:
:
                Defendant. :

**MEMORANDUM ORDER**

Block Drug seeks production of two agreements between defendants Sedona Laboratories, Inc. ("SLI") and Nutri-Health Supplements, LLC ("NHS"), which SLI has refused to produce. Specifically, in its written submission and argument presented during a telephonic conference on March 28, 2007, Block Drug seeks production of the November 1, 2006 Settlement Agreement and Limited Mutual Release and the June 30, 2006 Agreement between SLI and NHS regarding the Confidentiality of Shared Opinion. SLI and NHS urge against production of both documents.

**Block Drug's Position**

Block Drug argues that based upon the Stipulated Protective Order entered on December 11, 2006, privilege for both documents may be maintained and as a result, both should be produced for outside counsel's eyes only. Block Drug maintains that SLI's reliance on FRE 408 is misplaced since it is directed to the admissibility, and not the discoverability, of compromise and offers to compromise.[1] It asserts that SLI improperly claims the applicability of the joint

---

[1] During the teleconference, Block Drug commented that only SLI included the documents in question on its privilege log. Therefore, it argues, since NHS failed to list either document as subject to privilege, NHS has waived any such claim.

defense or common interest privilege. In support of its argument, Block Drug notes that both agreements were entered into before any joint defense effort existed between SLI and NHS and relies on the execution date of December 15, 2006 of the Joint Defense Agreement between defendants. Block Drug contends that the signing of that Agreement in December 2006, more than 2 months after the settlement agreement was signed, evidences that SLI and NHS previously had conflicting legal interests.

**SLI and NHS's Position**

In opposing production, SLI and NHS point to cases which suggest that the joint defense or common interest privilege is an extension of the attorney-client privilege and the attorney work product doctrine. As background, they note that NHS, in January 2006, acquired all rights and interest of SLI in a product containing the alpha-galactosidase enzyme, which is in issue in the instant patent action. They contend that Block Drug fails to prove that their representations of a joint defense effort, from the onset of litigation, are inaccurate.[2] They maintain that the existence of the Opinion Agreement (the June 30, 2006 Agreement) alone is evidence of their joint cooperation as early as June 2006, more than six months before the execution of the Joint Defense Agreement,[3] which memorializes defendants' prior understanding regarding their joint defense efforts. SLI and NHS rely on FRE 408 and its prohibition that acceptance of an

---

[2] Defendants' argument requires Block Drug to prove a negative and suggests that Block Drug bears the burden of disproving a privilege before SLI and NHS are required to prove its existence.
[3] The court understands that Block Drug is not requesting production of the Opinion Agreement and that it has not been produced.

2

offer to settle "is not admissible to prove liability for or invalidity of the claim or its amount."[4]

**Discussion**

As a result of the parties' written and oral arguments, the court reviewed *in camera* the two agreements in dispute and the Joint Defense Agreement dated December 15, 2006. Below are the court's findings.

Pursuant to FRCP 26(b)(1), discovery is to be liberally allowed and parties "may obtain discovery regarding any matter not privileged, which is relevant to the claim or defense of any party. . . ." Under the discovery rules, relevance is broader than admissibility at trial, and the rules recognize that "relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to *lead to* . . . admissible evidence." See FRCP 26(b)(1). (emphasis added). Moreover, "while admissibility and discoverability are not equivalent, it is clear that the object of the inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue." *Bottaro v. Hatton Assoc.*, 96 F.R.D. 158, 159 (E.D.N.Y. 1982). Therefore, evidence of settlement negotiations may be discoverable under Rule 26's broad provisions. *Lesal Interiors, Inc. v. Resolution Trust Corp.*, 153 F.R.D. 552, 561 (D. N.J. 1994). SLI and NHS reason that their agreements at issue are inadmissible under FRE 408 "to prove liability for or invalidity of the claim or its amount." As noted in the 2006 *Advisory Committee Notes*, Rule 408 cannot be read to immunize documents, such as pre-existing materials, merely because

---

[4] During its oral presentation, Block Drug argued that the settlement agreement may be relevant to the issues of liability, damages, willfulness and knowledge – all matters that go directly to the validity or invalidity of and the amount of a claim.

3

they were "presented to an adversary in compromise negotiations." Balancing FRE 408 with the breath of discovery is a difficult exercise, however the focus of Rule 408 is to recognize the strong public policy favoring settlement and to promote that policy. Courts in this circuit and others, to effectuate the goals of both rules, have required a more "'particularized showing' that the evidence sought is relevant and calculated to lead to the discovery of admissible evidence." *Lesal Interiors, Inc.*, 153 F.R.D. at 562. *See also*, *Fidelity Federal Savings and Loan Assoc. v. Felicetti*, 148 F.R.D. 532 (E.D. Pa. 1993); *Bottaro, supra*. The court does not find that that showing has been made by Block Drug. Moreover, it is unclear whether the Settlement Agreement contains information relevant to the issues in this case based on the court's present understanding of those issues.

    SLI and NHS also maintain that neither document should be produced because of the joint defense or common interest privilege, which protects communications between individuals and entities and counsel for another person or company when the communications are "'part of an on-going and joint effort to set up a common defense strategy.'" *In the Matter of Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 805 F.2d 120, 126 (3d Cir. 1986), *quoting Eisenberg v. Gagnon*, 766 F.2d 770, 787 (3d Cir. 1984). The burden is on the party asserting the privilege to establish its existence by showing that "(1) the communications were made in the course of a joint defense effort, (2) the statements were designed to further the effort, and (3) the privilege has not been waived." *Id. citing, In re Grand Jury Subpoena Duces Tecum Dated November 16, 1974*, 406

F. Supp. 381 (S.D.N.Y. 1975); *see also, Grand Jury Empanelled February 14, 1978*, 603 F.2d 469, 474 (3d Cir. 1979). None of the cases cited by any litigant in the present matter addresses whether an agreement to share privileged information protects all contents of that agreement which prove and primarily relate to the *existence* of a common defense arrangement. Moreover, the cases cited do not address situations in which a protective order drafted, stipulated among the parties and ordered by the court exists and recognizes the need to and authorizes the disclosure of confidential, but not privileged, information under specific procedures. The Protective Order in the instant case deals with confidential information and Rule 26(c), in particular Rule 26(c)(7), levels of confidential information and the procedures regarding production for each level. Therefore, Block Drug's argument that production of the agreements is consistent with the Protective Order is misplaced. The Protective Order does not require nor is necessarily directed to production of documents which are subject to privilege. Further, from the court's review of the June 30, 2006 Agreement, a joint defense arrangement between SLI and NHS exists, at least on the issue of obtaining an opinion of counsel, because the common interests are identical and legal and not solely commercial. That being said, however, the court determines that certain relevant portions of that Agreement should be produced which directly evidence that a common interest privilege exists.

Regarding Block Drug's brief argument that privilege has been waived because NHS failed to include either agreement on its privilege log, the court finds that in light of the relationship between the parties as evidenced by the

5

Agreements, the responsibility for maintaining the privilege rested with SLI, who did include the Agreements on its privilege log. As a result, no waiver occurred. Therefore,

IT IS ORDERED that:

1. Certain portions of the June 30, 2006 Agreement shall be produced consistent with the provisions of the Protective Order for outside counsel's eyes only. They are as follows:

    a. The first paragraph through Recital paragraph C.

    b. Regarding Recital paragraph D from the words "Nutri-Health" through "retained", then from the words "to" through "Letter" and then from "in" through "Litigation."

    c. Recital paragraph E.

    d. Concerning Recital paragraph F from "the Parties to "("Opinion Letter")" and from "in light" to "Litigation."

    e. Recital paragraph G.

    f. Regarding paragraph 1, page 2 from "SLI shall use" through "Letter."

    g. Regarding paragraph 2, page 2 from the beginning of the of the paragraph through "Agreement."

2. Certain portions of the Settlement Agreement and Limited Mutual Release Agreement dated November 1, 2006 shall be produced

consistent with the Protective Order for outside counsel's eyes only, which include the title of the Agreement through the opening paragraph.

Date: April 19, 2007

_____
UNITED STATES MAGISTRATE JUDGE